## Moore *v.* Tilman.

### (*Nashville.* February 9, 1901.)

1. CHANCERY PLEADING AND PRACTICE. *Complainant's right of dismissal.*

   It is a general rule, though not of universal application, that a complainant may, as a matter of course, dismiss his bill at any time before final decree, upon payment or assumption of all costs. (*Post, pp. 363, 364.*)

   Cases cited: Gillespie *v.* McEwen, 1 Shan. Cas., 400; Stone *v.* Huggins, 1 Shan. Cas., 564: Partee *v.* Goldberg, 101 Tenn., 664; Allen *v.* Dayton, etc., Co., 95 Tenn., 480.

2. SAME. *Same.*

   Complainant's right to dismiss his bill is not defeated by the filing of defendant's answer as a cross bill, where no cost bond is given, no process issued, no appearance entered, and no answer thereto filed, although proof may have been taken on the issues presented by the bill and answer. (*Post, pp. 364–366.*)

   Cases cited: Partee *v.* Goldberg, 101 Tenn., 664; Allen *v.* Dayton, etc., Co., 95 Tenn., 480.

3. SAME. *Answer not effective as cross bill, when.*

   An answer, though framed and filed as a cross bill, is not effective as such where no cost bond is given, no process issued, no appearance entered, and no answer thereto filed. (*Post, pp. 364–366.*)

   Cases cited: Harrell *v.* Harrell, 4 Cold., 377; Curd *v.* Davis, 1 Heis., 574; Hall *v.* Fowlkes, 9 Heis., 745; Keele *v.* Cunningham, 2 Heis., 288.

---

FROM MAURY.

---

Appeal from Chancery Court of Maury County. J. W. Ewing, Sp. Ch.

Moore *v.* Tillman.

H. P. FIGURES and L. P. PADGETT for Moore.

J. C. VOORHIES and W. J. WEBSTER for Tillman.

WILKES, J. The original bill in this cause was filed to enforce a vendor's lien upon land for unpaid purchase money. There was an answer to the bill, in which the defendant set up that a fraud had been perpetrated upon her, in that while one tract of land was pointed out to her as the land sold, in fact another and very inferior tract was conveyed, and this fact was not discovered until after a cash payment had been made, which was fully as much as the tract conveyed was worth. The answer, after setting out the fraud in detail, prayed, in substance, that she be held not liable for the notes, and that she have an account and recover what she was injured by the fraud.

She asked that the answer be taken as a cross bill; that process issue, and complainant be required to answer it, but not under oath, and that she have judgment for whatever might be shown to be justly due her on the basis of the answer and cross bill.

No bond for costs was executed; no process issued under the prayer of the cross bill, and it was not answered. Proof was taken however, mostly on the part of complainant, the defendant

giving her testimony only, and producing no other witness. When the cause was regularly reached for trial upon the docket, complainant announced that he was not ready for trial, and asked for a continuance. This was refused, when complainant offered to take a nonsuit; to which defendant objected, and the cause was heard, as is stated in the decree, on the bill, answer, cross bill, or answer filed as a cross bill, exhibits and proof, and a decree was rendered for defendant that she was owing complainant nothing on the sale of the land, and was entitled to a cancellation of her notes, and to retain the land deeded to her, and costs were divided equally. Complainant appealed, and the Court of Chancery Appeals reversed the decree of the Chancellor and dismissed the bill at cost of complainant, and taxed the cost of appeal to the defendant. The defendant has appealed to this Court, and the question which this Court is asked to pass upon is whether it was error in the Chancellor to refuse complainant the right to dismiss his bill and take a nonsuit, as he proposed to do. The general rule of practice is that a complainant may dismiss his bill as a matter of course at any time before decree is rendered, upon payment of costs. *Gillespie* v. *McEwen,* 1 Shannon, 400; *Stone* v. *Huggins,* 1 Shannon, 564.

The general rule is, however, subject to many exceptions. A dismissal cannot be had after a

decree has been entered adjudicating rights, or when a decree has ordered an account upon principles laid down, or when an issue has been made up and tried by a jury, or when a cross bill has been filed, or an answer as a cross bill seeking affirmative relief, and it has been answered and issue made. *Partee* v. *Goldberg,* 17 Pickle, 664. Or when a creditor seeks to set aside a trust deed and sale under it as fraudulent, and also attacks the validity of a tax title under which the purchaser at the sale under the trust deed also claims title, he cannot on the hearing dismiss his bill so as to throw the burden of proving its validity on defendant. *Allen* v. *Dayton Hotel Co.,* 11 Pickle, 480.

We are of opinion, from these authorities, that if this were a cross bill proper, or an answer as cross bill which had itself been answered, the decree of the Court below refusing to allow the dismissal would be based upon authority as well as reason.

But the question is made that this answer should not be given the effect of a cross bill, or an answer as a cross bill.

In *Harrell* v. *Harrell,* 4 Cold., 377, it was held broadly that the Court could take no notice of a paper filed as a cross bill if no bond was filed.

In *Curd* v. *Davis,* 1 Heis., 574, it was said that an answer prayed to be taken as a cross

bill might be treated by the Chancellor as an answer only, and in the case of *Keele* v. *Cunningham,* 2 Heis., 288, it was said that when no bond was given, and no process issued, the answer could not be entertained as a cross bill. But in *Hall* v. *Fowlkes,* 9 Heis., 745, it was held that an answer filed as a cross bill might be entertained as such, even though no bond should be given and no process issued, if the complainant should file an answer to the cross bill, the Court saying that the filing of an answer, without objection, for want of cost bond or process was a waiver of those matters. In commenting on the cases in 4 Cold. and 2 Heis., to which we have referred, the Court in 9 Heis., 753, said. "In neither case does it appear that there was any appearance to the answer as a cross bill by filing an answer thereto or otherwise." From this language it appears that the Court in the 9 Heiskell case was of opinion the irregularities in the cross bill, or answer as a cross bill, could be waived not only by an answer, but otherwise, but it is not stated in what other way the waiver may be made. In the present case there was no answer filed, but the parties took proof upon the matters set up in the answer alone, none of it pertaining to the matters set up in the bill.

The majority of the Court is of opinion that this could not be considered a waiver of irregularities, so that the defendant's answer could be

treated as a cross bill; that until the cross bill was answered or taken for confessed, it could not be made the basis of any affirmative relief. While the evidence introduced was therefore competent upon the issues made by the original bill, and answer thereto treated as an answer, it could not be considered as converting the answer into a cross bill. This being so, the complainant had a right to dismiss his bill at his own costs at any time before trial, and this would take with it the answer of the defendant, and the decree of the Court of Chancery Appeals is affirmed.

I do not concur in this view, but think that when the complainant took proof upon the matters set up in the cross bill, without objecting to it, he waived the irregularities, and the case must be treated as if the answer to the cross bill had been filed and the matters set up in it had been put in issue. In that event it is true the complainant might still dismiss his original bill, but the defendant, under his answer as a cross bill, had the right, nevertheless, to proceed to obtain such affirmative relief as he was entitled to under its allegations and the proof.