## W. D. MILLER v. AMERICAN ASSOCIATION, INC.

Eastern Section.   September 3, 1927.

No petition for Certiorari was filed.

1. **Dismissal and non-suit.** There are exceptions to the general rule that complainant may dismiss his bill without prejudice before decree is rendered, upon payment of costs.

   As a general rule a complainant may dismiss his bill or suit without prejudice as a matter of course, at any time before decree is rendered, upon payment of costs, but several exceptions to the rule are recognized, i. e., where a cross-bill has been filed; where a decretal order had been entered adjudging rights; where a decree has ordered an account upon principles laid down; where an issue has been submitted to a jury or where the defendant would have been trapped by delusive pleading.

2. **Dismissal and non-suit.** Plaintiff not entitled to dismiss his suit where he has entered into an agreement to try the case at a day certain.

   In an action where an entry had been made of record whereby the plaintiff and defendant agreed to try the case at a day certain and on that date, plaintiff sought to dismiss his suit without prejudice, held that plaintiff should not be allowed to dismiss without prejudice.

Appeal from Chancery Court, Claiborne County; Hon. J. H. Wallace, Chancellor.

Affirmed.

J. N. Russell, of LaFollette, for appellant.

G. W. Montgomery, of Tazewell, for appellee.

THOMPSON, J.   On February 4, 1851, there was granted by the State of Kentucky to Preston Davis, Sr., who died many years ago, the tract of land (now within the borders of Claiborne county, Tennessee) involved in this suit. Preston Davis, Sr., seems to have owned a large body of land. He had several children and conveyed to them separate tracts from his large boundary.

The tract involved in this suit contains about fifty acres, and the American Association, Inc., claims title to it through the above-mentioned grant and through deeds from the children of Preston Davis, Sr., and others to whom they had conveyed. W. D. Miller claims title to the fifty acres through the said grant, a will alleged to have been executed by Preston Davis, Sr., on December 26, 1860,

devising the fifty acres to his son, Joseph Davis, and a deed from Joseph Davis and wife to him (W. D. Miller) executed on March 17, 1913.

In the court below the complainant, Miller, moved to be allowed to dismiss his suit at his cost, but without prejudice, etc. The court declined this motion, to which action the complainant excepted and prayed an appeal to this court (Court of Appeals) which was ''disallowed at this stage of the cause.'' The court then heard the case on the merits (the complainant declining to participate) and decided it in favor of the defendant. The decree then stated: ''And the complainant's appeal from the court's action in overruling and disallowing his appeal from the court's order overruling his motion to dismiss his cause is at this time granted and the complainant is allowed thirty days to perfect said appeal and give bond or otherwise comply with the law.'' So it would seem that the complainant's appeal is special, and that technically it is from the court's action in overruling and disallowing his appeal from the court's order overruling his motion to dismiss his cause, rather than from the court's action in overruling his motion for permission to dismiss his cause. His only assignment of error (and it is not formal) is that: ''The court erred in refusing to allow the complainant to dismiss his cause.'' However, we will treat the record as properly raising the question that the court below should have allowed the complainant to dismiss his suit without prejudice, etc.

On September 26, 1922, the present complainant, W. D. Miller filed an original bill against the present defendant, American Association, Inc., in the chancery court of Claiborne county. This bill was an ejectment bill (alleging merely that complainant was the owner and had the legal title, etc.) and it involved only the same fifty acres of land above mentioned, and which alone is involved in the suit at bar. The defendant answered said bill on May 2, 1923, and denied that complainant had any title to, or right to possession of said land. Said answer set up twenty and seven years adverse possession under claim of title, and seven years adverse possession under registered color of title, etc.

On October 15, 1923, the complainant, having taken no proof, was upon his application supported by affidavit allowed additional time in which to take proof, and the cause was continued with leave to complainant to amend his bill.

On November 15, 1923, complainant filed an amendment to his bill and set out his title to the land, i. e., the grant, the will and the deed to him. He attached the original alleged will itself as an exhibit to the amendment or amended bill, and he made the heirs-at-law of Preston Davis, Sr., also parties defendant.

The answer of the defendants to this amendment or amended bill seems not to have been copied into the record, but it is apparent from

the record as a whole that the defendant, American Association, Inc., filed an answer and set up the same defenses as those contained in its answer to the first or original bill.

On May 15, 1924, the complainant having taken no proof, the defendant took the deposition of Lee Davis and B. J. Sowder, and filed them in the cause on August 26, 1924.

On August 27, 1924, the complainant still having taken no proof, the defendant took the depositions of J. R. Sowder, G. W. Easton and J. C. Richardson, and filed them in the cause on September 4, 1924.

On October 15, 1924, upon application of complainant supported by affidavit the cause was continued for the purpose of taking proof; the complainant was allowed sixty days in which to take and file his proof; the defendant was allowed ''a reasonable time thereafter in which to take proof in rebuttal, so that this cause may be heard in vacation before the next term of this court;'' and the complainant was taxed with all accrued costs.

On October 28, 1924, the complainant, Miller, signed a paper addressed to the Clerk and Master as follows:

''I, W. D. Miller, complainant in the above-styled cause hereby dismiss said cause and confess judgment for all the costs of the cause. I authorize and direct that you enter this dismissal upon the Rule Docket of your court and direct that a decree or entry be made and entered at the next regular term of your court and entered upon the record showing that this cause was on this day dismissed by me, and adjudicating costs.''

This paper was marked ''filed'' by the Clerk and Master on November 3, 1924.

On April 20, 1925, a decree was entered as follows:

''In this cause came the plaintiff and moved to dismiss his action, without prejudice. It is therefore adjudged and decreed by the court that plaintiff's bill be dismissed without prejudice to his bringing another action, and that the plaintiff, W. D. Miller, pay the costs of this action, for which execution is awarded.''

It will be seen from the foregoing that defendant prepared its side of this first case for trial, but complainant (although his counsel, Mr. Ishan G. Leabow, cross-examined defendant's witnesses) never took any proof, and after having had the cause continued twice upon his application and after having let it lie in court from September 26, 1922, until April 20, 1925, had it dismissed at his own cost. It should have been stated that this first cause was docketed as No. 1947.

On September 26, 1925, complainant, Miller, filed the original bill in this cause now under review. This bill, like the first one, was a straight ejectment suit to recover the same fifty acres, and merely alleged that complainant was the owner in fee and entitled to the immediate possession of the land—complainant's title not being set out. In addition to Mr. Leabow, this bill was signed by Mr. E. H. Powers

and Mr. A. J. Agee, as counsel for complainant, and it was docketed as cause No. 2227.

On October 13, 1925, a decree or order was entered on the minutes as follows:

"In this cause the defendant is allowed thirty days in which to file its answer so as not to delay the hearing, and to save costs, it is agreed that the proof taken in the case of W. D. Miller v. American Association, Incorporated, No. 1947 on the Rule Docket of this court may be read as evidence by either party in this cause, subject only to exceptions for incompetent matter."

On November 12, 1925, the defendant filed its answer denying that complainant was the owner of or had any title to the land, and setting up twenty and seven years adverse possession of the land under claim of title, and seven years adverse possession under registered color of title. Said answer also set up that any pretended title which complainant might have was champertous and void for the reason that at the time complainant claimed to have purchased the land from Joseph Davis the defendant was in actual occupancy, use and control and adverse possession under registered color of title, etc. Said answer was not filed as a cross-bill, and defendant sought no affirmative relief.

On April 10, 1926, complainant filed a sworn petition, supported by the affidavits of two of his counsel, i. e., E. H. Powers and A. J. Agee, to have the court vacate and set aside the agreed decree or order of October 13, 1925, i. e., that the proof taken in the former suit (No. 1947) might be read as evidence by either party, subject only to exceptions for incompetent matter. The substance of the petition and affidavits and the grounds thereof was that Mr. Leabow, without consulting Mr. Powers or Mr. Agee or complainant, had made said agreement; that the first suit was dismissed because it was believed that by a more thorough cross-examination of defendant's witnesses the complainant's case could be strengthened, and that by dismissing the first suit and instituting the new one this opportunity of cross-examining these witnesses would be given; that complainant was a poor man and it would be more expensive for him to take the depositions of these witnesses than it would be for his counsel to merely cross-examine them—in fact that he (complainant) did not know where they were and could not locate them, whereas, defendant could locate them and could easily take their depositions again.

No order or decree appears in the record either allowing or disallowing this petition, but it is evident that it was not allowed because the record in the first case was read at the trial.

On June 22, 1926, complainant took the depositions of S. E. Hurst and W. D. Miller, and filed them on October 11, 1926.

On July 10, 1926, complainant took the depositions of W. H. Marsee, H. M. Sowder and W. A. Phillips, and filed them on August 7, 1926.

On September 28, 1926, defendant took the deposition of G. W. Easton, and filed it on October 8, 1926.

On October 11, 1926, one of the counsel for complainant was given written notice, service of which he accepted, that defendant would introduce and read in evidence the record and file in the former suit, i. e., No. 1947.

On the same day, i. e., on October 11, 1926, a stipulation was filed with reference to an exhibit to the deposition of G. W. Easton and to the effect that the same was a true copy and might be read as evidence at the trial, etc.

On the same day, i. e., October 11, 1926, an order or decree (which had the OK of counsel for both parties) was entered on the minutes as follows:

"In this cause, it is agreed by all parties concerned that complainant, W. D. Miller may have thirty days further time from this date in which to take the depositions of Ben Sowders, Ben Davis and Surveyor Jones, and defendant will have fifteen days in which to take rebuttal proof. It is also agreed that this cause may be heard by the Chancellor on a day fixed by him at any time within sixty days from this date after time for taking the proof has expired."

The next that appears in the record is a final decree as follows:

"In this cause, on December 15, 1926, at Chambers, pursuant to an order heretofore made, comes the complainant W. D. Miller and moves the court to be allowed to dismiss his suit without prejudice to his right in the matters in controversy in this cause, and tax himself with the costs, which motion the court overruled and disallowed, for the reason that it was agreed in open court on October 11, 1926, that this cause, in consideration of the complainant being granted additional time in which to take proof that the cause would be tried at a time fixed by this court and the time having been fixed in pursuance of said order and agreement, this court being now of the opinion that complainant cannot now take a voluntary nonsuit over the objection of the defendant. To this action of the court the complainant excepts and prays an appeal to the next term of the Court of Appeals at Knoxville, which appeal is disallowed at this stage of the cause, and therefore the cause came on to be heard without the participation of the complainant upon the whole record in the cause, including the whole record of the cause of W. D. Miller v. American Association, Inc., No. 1947 on the Rule Docket of this Honorable Court, from all of which the court adjudges, finds and decrees as follows: That the allegations of the complainant's bill are not sustained by the proof and complainant's suit is therefore dismissed,

with full prejudice and the complainant will pay all costs of the cause, for which execution will issue.''

The decree then contained some rulings on exceptions to evidence made by defendant, and ended with the granting of an appeal to complainant heretofore quoted in this opinion.

It is apparent that the early part of this decree was inaccurate, but that it attempted to state that the cause came on to be heard on December 15, 1926, pursuant to an order theretofore made, and not that the complainant moved to dismiss pursuant to an order theretofore made. There had been an order, i. e., the agreed order or decree of October 11, 1926, that the cause would at a time fixed by the Chancellor be set for trial, and there had been no order pursuant to which complainant might move to dismiss. Moreover, the briefs of counsel for both parties as well as the decree make it clear to us that it was intended to be stated that the cause came on to be heard pursuant to an order theretofore made.

It therefore appears from the decree that when the cause was taken up for trial on December 15, 1926, the day fixed by the Chancellor pursuant to the agreed order of October 11, 1926, the complainant moved for permission to dismiss his suit without prejudice; that the court disallowed this motion because of what had taken place on October 11, 1926; that complainant prayed an appeal which the court disallowed as premature; that complainant declined to further participate in the trial; that the court tried the cause on its merits and decided it in favor of defendant, and then granted complainant a special appeal.

It may have been that in moving for permission to dismiss without prejudice the complainant was actuated by the desire to force defendant to again take the depositions of the witnesses whose depositions it took in the first trial so that complainant would again have the opportunity of cross-examining them. Or it may have been that for some reason complainant failed to take additional testimony within the thirty days allowed in the agreed order or decree of October 11, 1926, and was therefore unprepared for trial. Or it may have been, as suggested by counsel for defendant, that complainant knew that he could not win a suit against defendant and was trying by numerous suits to force defendant to buy its peace by paying him something. Counsel for complainant does not make any statement as to why complainant desired to dismiss his suit, but insists that as a matter of absolute right he was entitled to dismiss it without prejudice.

On the question of when a complainant is entitled to dismiss his suit without prejudice we have the following Tennessee cases: Gillespie v. McEwen, 1 Shann. Cas., 400; Stone v. Hudgins, 1 Shan. Cas., 567; Croft v. Johnson, 8 Baxt., 394; Mabry v. Churchwell, 1 Lea, 416; Fisher v. Stovall, 1 Pickle 316, 25 S. W., 567; Allen v.

Dayton Hotel Co., 11 Pickle, 480, 32 S. W., 962; Partee v. Goldberg, 17 Pickle, 664, 49 S. W., 758; Moore v. Tillman, 22 Pickle, 361, 61 S. W., 61; Roberts v. Railway, 6 Civ. App., 149.

The rule laid down is that a complainant may dismiss his bill or suit without prejudice as a matter of course or right at any time before decree is rendered, upon payment of costs. But several exceptions to the rule are recognized, i. e., where a cross-bill has been filed, etc., where a decretal order has been entered adjudging rights, where a decree has ordered an account upon principles laid down, where an issue has been made up and tried by a jury, or where as in Allen v. Dayton Hotel Co., supra, the defendant would have been trapped by delusive pleadings, etc. None of these exceptions take into consideration and none of them are based upon the motives of the complainant, the fact that he was about to lose his case, his negligence or delay, his purpose to bring other and harrassing suits, or the expense or annoyance to which the defendant may have been or may thereafter be put. They are all based upon the proposition that the defendant has acquired some status as an aggressor in the litigation, or some order or interlocutory decree has been passed determining a right in his favor, etc.

So we are of the opinion that the cause at bar does not fall within any of the exceptions to the general rule, unless it is on account of what happened on October 11, 1926.

It is apparent that on October 11, 1926, something had to be done by complainant because he was served with notice that the record in the former suit would be read at the trial, the court was in session and he was not ready for trial. It is manifest that he either had to secure additional time or dismiss his suit. So his counsel signed an agreed order or decree that he should have thirty days more in which to take some depositions but that the cause should be heard by the Chancellor within sixty days and on a day to be fixed by the Chancellor. And it was (as appears from the recitals of the final decree) agreed by complainant in open court that in consideration of his being granted the additional time, the cause should be heard within sixty days and on a day to be fixed by the Chancellor.

It seems to us that under these facts and regardless of whether the cause be regarded as another exception to the general rule or merely as not falling within it, the complainant was not entitled to dismiss his suit without prejudice on the day fixed by the Chancellor for the hearing of the cause.

In Jones v. Kimbro, 25 Tenn., 319, the plaintiff sued before a Justice of the Peace on a promissory note, and from an adverse judgment appealed to the circuit court. Subsequently, the plaintiff suffered a nonsuit on two different occasions, and the case was

afterwards continued at his instance. At a subsequent term the following agreement was entered upon the trial docket and signed by counsel for the plaintiff: "If the papers in this case are not found and the cause ready for trial at the next term, it will then be dismissed." When the cause was regularly reached on the trial docket at the following term, the plaintiff was not ready for trial, and moved for a continuance, which the court refused, and ordered the cause to be dismissed upon the agreement, and gave judgment accordingly. Upon appeal by the plaintiff the Supreme Court said:

"As to the power of the court to enforce the agreement by its órder, we entertain no doubt. It was made, it is obvious, to avoid a nonsuit, or obtain a continuance. The agreement was proved and admitted. Good faith required its enforcement; and the power as well as the duty of the court to enforce fair and reasonable agreements, relating to the conduct and dispatch of business before it, is necessarily incident to the nature of its position, and required to insure the orderly and faithful determination of causes. It is a power which this court has repeatedly exercised, upon deliberation and examination of authorities, and very recently in a highly important case at Knoxville—Mitchell, Guardian, v. Noll."

We are of the opinion that in the cause at bar the agreed order of October 11, 1926, and the agreement made in open court by the complainant on that day precluded him from moving for a dismissal without prejudice on December 15, 1926, the day fixed by the Chancellor for the hearing.

It results that the decree of the lower court will be affirmed with costs.

Portrum and Snodgrass, JJ., concur.