Thomas Lawson *et al.*, Complainants, Appellants, *v.* American Laundry Machinery Company, Defendant, Appellee.*

(*Knoxville*, September Term, 1932.)

Opinion filed November 26, 1932.

---

*As to necessity of personal service on nonresident, see 15 R. C. L., 912; R. C. L. Perm. Supp., p. 4004; R. C. L. Pocket Part, title "Judgments," section 392.

As to general nature of a cross bill, see 10 R. C. L., 483, 484.

As to necessity of process, see 10 R. C. L., 490; R. C. L. Pocket Part, title "Equity," section 267.

GEO. M. DUNN, DEWITT TUCKER and R. M. VERTREES, for complainants, appellants.

BOWEN & BOWEN, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The bill seeks, by attachment of property of a non-resident judgment debtor, to enforce satisfaction of a money judgment previously awarded complainants a-gainst said debtor by the Chancery Court of Unicoi County. A certified copy of the record of the suit in

which said judgment was rendered is exhibited with the bill.

Defendant demurs on the ground that the exhibited record shows that the Chancery Court of Unicoi County had not acquired jurisdiction of the defendant in the action in which its judgment was rendered. The Chancellor sustained this demurrer and complainants have appealed.

The judgment or decree in suit was rendered on a cross-bill. The present defendant, American Laundry Machinery Company, filed its bill in the Chancery Court of Unicoi County to recover a sum of money claimed as the unpaid balance of the purchase price of certain machinery, and prayed the enforcement of its lien under a conditional sales contract. Its bill described it as an Ohio corporation, with situs in Ohio. The present complainants answered that they had paid the purchase price of the machinery in full, and, by cross-bill, sought recovery of damages for breach of warranty of the condition and quality of the machinery, said warranty being pleaded as an incident or element of the contract exhibited with the original bill. Bond for costs was filed by the cross-complainants.

In this state of the pleadings, no process having been served on the cross-defendant, the following order was entered:

"American Laundry Machinery Company

vs.

"Thos. Lawson, et al.

"Complainant moves for leave to dismiss its bill, without prejudice, and it is accordingly so ordered. But it appearing that defendants have filed a cross-bill and given a cost bond and objecting to the dismissal of the

case on this cross-bill, it is ordered that the case stand alone on the cross-bill.

"O. K.

"Sells, for Complt.

"R. W. H. Gilbert, Sol. for deft."

After the original bill was dismissed by the foregoing entry, an order was entered in the cause reciting that no process had been issued on the cross-bill, and directing that process issue, and if not served, that notice be given to the cross-defendant by publication. Process was then issued, and return was made that the cross-defendant was not to be found in the county. Publication was thereafter ordered and made.

After publication, judgment *pro confesso* was taken and the case set for hearing *ex parte,* by an order which recited:

"In this case it appearing to the satisfaction of the court that the defendant to the cross-bill of Thomas Lawson, to-wit, American Laundry Machinery Co., is regularly before the court by publication, it being a nonresident corporation, . . . and that said nonresident corporation has failed to answer or make any defense whatever to the cross-bill," etc.

Cross-complainants then filed proof of their claim by depositions, and final decree was rendered that they have and recover of the American Laundry Machinery Company the sum of $1420, and costs.

It affirmatively appears from the face of the exhibited record, as above shown, that the Chancery Court of Unicoi County rendered its decree against the cross-defendant on the theory and assumption that it had acquired jurisdiction of the defendant by publication. No other theory appears to have been entertained by counsel then representing the cross-complainants.

█ It is, however, recognized by all courts that a personal judgment may not be rendered against a nonresident defendant, of whom jurisdiction is acquired only by notice by publication. *Perry* v. *Young,* 133 Tenn., 522, 182 S. W., 577; *Paper Company* v. *Shyer,* 108 Tenn., 444, 67 S. W., 856, 58 L. R. A., 173; *Fitzsimmons* v. *Johnson,* 90 Tenn., 416, 424, 17 S. W., 100.

The contentions now advanced by complainants are (1) that by the order dismissing the original bill and directing that the case "stand alone on the cross-bill," the Chancery Court of Unicoi County "retained jurisdiction" of the cross-defendant on the cross-bill; (2) that this order was "equivalent to service of process;" and (3) that no process was necessary or required "because the answer and cross-bill there filed by complainants was in fact and effect a plea of recoupment."

█ The cause of action pleaded in the cross-bill was a matter in recoupment, the damage growing out of the contract which was the foundation of the original bill. The original bill sought a money judgment for unpaid purchase money, and did not merely seek enforcement of its lien, as in *Saranac Mach. Co.* v. *Nants & Co.,* 164 Tenn., 457, 51 S. W. (2d), 479. Hence the cross-bill was properly filed. *Mack* v. *Hugger Bros. Const. Co.,* 153 Tenn., 260, 283 S. W., 448.

█ A cross-bill is an auxiliary suit, a dependency of the original litigation, and the dismissal of the original bill by the complainant may carry with it the cross-bill, or an answer filed as a cross-bill. Gibson's Suits in Chancery (Chambliss edition), section 726. In *Moore* v. *Tillman,* 106 Tenn., 361, 365, it was held that an answer filed as a cross-bill, upon which no cost bond was made nor process served, and which had not been replied to,

went out of court with the complainant's voluntary dismissal of the original bill. But it has been ruled that a cross-bill, or an answer filed as a cross-bill, which has been replied to and on which proof has been taken, will not fall with the dismissal of the original bill, and may be prosecuted to judgment. *Nichol* v. *Nichol*, 63 Tenn. (4 Baxter), 145, 158; *Partee* v. *Goldberg*, 101 Tenn., 664; *McDowell* v. *Hunt Contracting* Co., 133 Tenn., 437.

There has been no specific ruling by this court as to whether a cross-bill, or an answer filed as a cross-bill, on which no process has issued, and which has not been replied to, will fall with the dismissal by complainant of his original bill. Recognizing uncertainty on the point, the Chancellor, in the Unicoi County suit, directed that, upon the dismissal of the original bill, the case should continue as a pending action on the cross-bill "alone." This, we think, was a proper order, but its only effect was to put at rest any doubt as to whether the cross-bill went out with the dismissal of the original bill.

The "O. K.," symbol or term, appearing at the end of the order, signed by counsel, has no significance other than to indicate the approval of counsel of the form or draft of the written order, as correctly expressing and recording the action of the court. It does not indicate that the order was a consent order. 46 Corpus Juris, 1088, note 37 (b), and cases there cited.

Our cases, while not expressly ruling the point, clearly indicate the view of this court that process, or an appearance having the effect of a waiver of process, is necessary to make the original complainant a defendant to a cross-bill, or to an answer filed as a cross-bill. *Moore* v. *Tillman,* 106 Tenn., 361, 61 S. W., 61; *Keele* v. *Cun-*

*ningham,* 49 Tenn. (2 Heisk.), 288; *Hall* v. *Fowlkes,* 56 Tenn. (9 Heisk.), 745; *Hamilton* v. *Hewgley,* 62 Tenn. (3 Baxter), 216; *Harrell* v. *Harrell,* 44 Tenn. (4 Cold.), 378.

This is undoubtedly the general rule in other jurisdictions. "In the absence of statute providing otherwise, service of process on the defendants to a cross-bill, though parties to the original bill, and in court for all the purposes thereof, is necessary to bring them into court on cross-bill. Their appearance must be enforced in the same manner as defendants to the original bill, unless they voluntarily enter their appearance." 5 Ency. Pl. & Pr., 658. To the same effect: 21 Corpus Juris, 353 (Equity, sec. 361); 10 Ruling Case Law, 490 (Equity, sec. 267). And this general rule, since the matter in issue arose, has been carried into the statute law of this state. Code of 1932, section 10403.

In *Essenkay Co.* v. *Essenkay Sales Co.,* 132 Tenn., 287, 177 S. W., 1157, it was held that the chancellor may direct service of process, in support of a proper cross-bill, upon counsel of record for a nonresident complainant made defendant to the cross-bill. The ruling and discussion would have been without point and moot, except upon the assumption that service of process was necessary to bring the original complainant before the court on the cross-bill.

This being the state of the law when the present defendant dismissed its original bill in Unicoi County, it was justified in acting upon the assumption that it was discharged for all purposes until brought back by process issued and served in aid of the cross-bill. To yield to the insistence of complainants that such process was not required, in the face of our decisions and the general

rule, would bear strong resemblance to *ex post facto* legislation, to the manifest prejudice of the rights of the defendant.

We find nothing in the order above quoted from which we can conclude that the original complainant made any appearance as defendant to the cross-bill. It did nothing more than to ask leave to dismiss its original bill without prejudice. The approval by its counsel of the entry of the quoted order certainly charges him with knowledge that the cross-bill had been filed. But, under the rule above stated, mere knowledge by resident counsel of a nonresident complainant that a cross-bill had been filed, and cost bond executed, cannot have the effect of an appearance or waiver of process.

It does not appear that counsel for the cross-complainants were in any way misled or deceived by the order retaining the cross-bill in court. They might have procured an order for substituted service of process on counsel for the nonresident defendants to the cross-bill, under *Essenkay Co.* v. *Essenkay Sales Co., supra,* and did not do so. But they did not understand or insist in that suit that the cross-defendant had entered appearance or had waived process. On the contrary, several terms went by while they secured orders for the issuance of process and publication, and finally entered a *pro confesso* decree on the theory, accepted by the Chancellor, that the cross-defendant was before the court ''by publication.''

''A *personal* judgment against a non-resident, rendered in an *original* suit, upon constructive notice—that is, upon notice by publication merely—is an absolute nullity, and of no effect whatever.'' *Fitzsimmons* v. *Johnson, supra.* From the date of the dismissal of the

original bill in the Unicoi County case, the cross-bill stood as an original suit, and the judgment subsequently rendered on notice by publication was void.

The decree sustaining the demurrer to the present bill and dismissing the suit is accordingly affirmed.