## SHELTON v. ARMSTRONG.—156 S. W. (2d) 447.

Middle Section.   June 21, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

K. Harlan Dodson, Jr., and Walker & Hooker, all of Nashville, for appellant.

Goodpasture & Carpenter, of Nashville, for appellee.

REBERBOULT, S. J.  This appeal involves the sole question of the right of the Chancellor to overrule complainant's motion to dismiss his suit without prejudice, under the circumstances shown by the record.  The original bill was filed July 7, 1937, alleging breach of a contract of employment in that defendant had underpaid complainant on the basis of the contract.  Answer was filed March 30, 1939, denying the averments of the bill, averring a compliance with the contract, and pleading a settlement and account stated.

Complainant's own deposition was taken on May 26, 1939.  This was all the proof taken or offered by complainant.  Defendant's deposition was taken June 28, 1939.  The depositions of witnesses Burton and Ogilvie were taken by defendant on December 8, 1939.  These three depositions were all the proof taken or offered by defendant.

All of the above proof, for complainant and defendant, was filed with the clerk and master on June 3, 1940.

On some date, not fixed in the record, but at the April, 1940, term of the Chancery Court for Davidson County, the case came on for hearing on the ready docket for trial upon the merits.  At that time, for reasons not appearing in the record, it was passed to be re-set.  It was re-set and again came on for hearing upon the merits on August 22, 1940.  At that time, complainant moved to be permitted to dismiss his bill without prejudice, which motion was denied by the Chancellor.  An exception was noted by complainant, an appeal prayed and disallowed at that time.  The case was then again passed and was heard upon the merits on November 21, 1940, at which time the original bill was dismissed on the entire record.  Appeal was then allowed and perfected.

The record does not contain any ground for the motion to dismiss without prejudice.  It is here insisted that complainant may as a

matter of right dismiss his bill without prejudice where the case has not been disposed of on the merits and no decree has been rendered in which the defendant has acquired an interest.

It does not appear that complainant requested additional time to take other proof at the first hearing date in the April term, 1940, or that he requested a continuance, or moved to dismiss at that time. It does not appear that complainant made any application to take other proof, or for a continuance at the hearing of August 22, 1940. No proof was taken, or other steps made before the hearing upon the merits on November 21, 1940.

It does appear that complainant's proof had been taken since May 26, 1939, and that defendant's proof had been completed on December 8, 1939. The proof indicates that an accounting of annual reports was involved; as well as a dispute over the basis upon which a percentage share of the profits was to be figured. It further appears that one of defendant's witnesses, Ed Burton, was in the army at the time his deposition was taken.

While the nonsuit statute is admittedly not effective in chancery cases, the contention of appellant presents a close analogy. However, we believe that the inherent nature of courts of equity is such that they should take cognizance of the equities of each such application. If such equities are to be noticed, this necessarily involves the exercise of judicial discretion. We think that the very statement of the rule in Gibson's Suits in Chancery (Higgins and Crownover Edition) at Section 523, with its seven exceptions, would indicate that such a right is not unqualified, and that judicial discretion is necessary to identify the exceptions. While not set out as an exception in Section 523, Mr. Gibson announces an equitable principle at Section 570 which, in effect, does modify the general rule, to-wit: ''Where, however, the defendant has taken his proof on the merits, and the complainant has either taken no proof, or is unwilling to have the cause heard on the proof on file, he should not be allowed to dismiss his bill without prejudice; and thus be given full leave to again relitigate the same matters with the same parties. In such case, the complainant may, subject to the rules heretofore laid down in this Chapter, dismiss his bill, but such dismissal must be subject to all consequences incident to a dismissal with prejudice.''

We believe that the holding of the Court of Appeals for the Eastern Division in the case of Miller v. American Association, 6 Tenn. App., 506, while not completely analogous to the case at bar, is consistent with the above quotation. The language used by the court in that case is applicable to this record.

''It may have been that in moving for permission to dismiss without prejudice the complainant was actuated by the desire to force defendant to again take the depositions of the witnesses whose depositions it took in the first trial so that complainant would again have the

opportunity of cross-examining them. Or it may have been that for some reason complainant failed to take additional testimony within the thirty days allowed in the agreed order or decree of October 11, 1926, and was therefore unprepared for trial. Or it may have been, as suggested by counsel for defendant, that complainant knew that he could not win a suit against defendant and was trying by numerous suits to force defendant to buy its peace by paying him something. Counsel for complainant does not make any statement as to why complainant desired to dismiss his suit, but insists that as a matter of absolute right he was entitled to dismiss it without prejudice.

．．．．．．

"It seems to us that under these facts and regardless of whether the cause be regarded as another exception to the general rule or merely as not falling within it, the complainant was not entitled to dismiss his suit without prejudice on the day fixed by the Chancellor for the hearing of the cause."

Where it appears that all proof has been taken and duly filed by the respective parties and the case has by consent of the parties been placed on the trial docket as ready for trial, the complainant does not have the right to demand an order of dismissal without prejudice. As a condition precedent to such dismissal the complainant must offer good and sufficient reasons to be weighed by the Chancellor in his sound discretion.

If such reasons are not considered sufficient by the Chancellor or if no reasons at all are offered, the motion to dismiss without prejudice should be denied.

We, therefore, hold that under the condition presented by this record, it was a matter which addressed itself to the sound discretion of the Chancellor, and we do not find anything in the record to indicate that the Chancellor abused his discretion. Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S., 138, 18 S. Ct., 808, 43 L. Ed., 108; State for Use of Smith v. McConnell, 156 Tenn., 523, 3 S . W. (2d), 161.

It results that the decree of the Chancellor is affirmed. Costs in the trial court have been paid. Costs of the appeal are adjudged against the appellant.

Crownover, P. J., and Felts, J., concur.