NATIONAL LINEN SERVICE CORPORATION

*v.*

S. A. TEICHNER, GEORGE D. BUNNELL, JR., and QUALITY
LINEN SERVICE CORPORATION.

374 S. W. 2d 377

(*Jackson,* April Term, 1963.)

Opinion filed January 8, 1964.

BURCH, PORTER & JOHNSON, Memphis, WADE H. SIDES,
JR., Memphis, of counsel, for National Linen Service
Corporation.

ROBERT TAYLOR, ABE WALDAUER and LEO BEARMAN, SR.,
Memphis, for Quality Linen Service Corporation and
others.

MR. JUSTICE DYER delivered the opinion of the Court.

The Appellant, National Linen Service Corporation, appeals from an order dismissing their original bill with prejudice, which appeal raises two questions in regard to the right of a complainant in chancery to dismiss his bill without prejudice to the right to sue again.

S. A. Teichner and George D. Bunnell, Jr. were employees of Appellant under a contract whereby they bound themselves, for a period of one year after termination of their employment, not to solicit Appellant's customers. Teichner's employment was terminated on June 30, 1962 and Bunnell's on July 11, 1962. The original bill filed by Appellant on September 28, 1962 alleged these two former employees with others had organized Quality Linen Service Corporation in competition with Appellant, and were soliciting Appellant's customers in violation of their employment contracts. The original bill seeking injunctive relief and damages demanded a jury, and was immediately placed on the jury calender pursuant to the Trial Court's rules. Upon the call of the jury calendar

on October 8, 1962 the cause was set for hearing on November 5, 1962.

In the period from October 8, 1962 through November 3, 1962 the following actions were taken in this matter: "answers were filed"—"the original bill amended"— "several discovery depositions taken by each side" and "issues of fact to be submitted to the jury filed by each side".

On November 2, 1962 Appellant, in Chambers, moved the Court for a continuance which was denied. On November 7, 1962, in Chambers, Appellant renewed its motion for a continuance which was again denied. Whereupon Appellant announced to the Court, that Appellant desired to exercise its right to dismiss the original bill, as amended, without prejudice. The Chancellor, after a hearing, denied this request, being of the opinion Appellant had no right to dismiss its bill without prejudice. The cause came on for hearing the next day, November 8th, and Appellant having declined to offer any proof the Chancellor dismissed the bill with prejudice.

The assignments of error raise two question, as follows:

1. Does the appellant, under the facts of the present case, have an absolute right to dismiss his suit without prejudice?

2. If there is no absolute right, but it is within the discretion of the Chancellor, did the Chancellor abuse his discretion in this case?

In *Shelton v. Armstrong*, 25 Tenn. App. 305, 156 S.W. 2d 447 (1941) the Court in regard to an application by a complainant to dismiss his bill without prejudice said:

"However, we believe that the inherent nature of courts of equity is such that they should take cognizance of the equities of each such application. If such equities are to be noticed, this necessarily involves the exercise of judicial discretion. We think that the very statement of the rule in Gibson's Suits in Chancery (Higgins and Crownover Edition) at Section 523, with its seven exceptions, would indicate that such a right is not unqualified, and that judicial discretion is necessary to identify the exceptions." 25 Tenn. App. 305, 156 S.W.2d 448.

In *Cong v. Kirby-Smith,* 40 Tenn. App. 446, 292 S.W. 2d 216 (1956) the Court in an opinion by Judge Felts now a member of this Court said:

"It is likewise true that a court of equity, in dismissing a bill, has a rather broad discretion as to whether such dismissal shall be expressed to be "without prejudice" to the right to sue again, or a mere dismissal which in itself operates as res judicata and a bar to the right to sue again. Gibson's Suits in Chancery (4th ed.) secs. 523, 570, and cases there cited." 40 Tenn. App. 446, 292 S.W.2d 221.

Appellant relies on *Moore v. Tillman,* 106 Tenn. 361, 61 S.W. 61 (1901). While this case on the fact situation is closely analogous with the case at bar, there is no holding a complainant has an absolute right to dismiss his bill, without prejudice.

Appellant further relies on *Roberts v. N. C. & St. L. Railway,* 6 C.C.A. (Higgins) 149 (1915). This case supports Appellant's first assignment of error, since there is language in the opinion to support the absolute right of a complainant to dismiss his bill without prejudice,

when there has been no order, decree or reference. This case, on the point here raised, is not in keeping with other Tennessee authority, and so far as in conflict same is overruled.

■ It results, and we so hold, courts of equity are vested with discretion, as to whether a complainant may dismiss his bill without prejudice. The first assignment of error is overruled.

The Chancellor in overruling Appellant's motion for continuance was guided by the following considerations:

"because the Court's only two jury term commence on the last Mondays of April and October, it appeared to the Court that, if continued until April, 1963, the case would, because of the expiration dates of the restrictive covenants upon which complainant relied, be substantially moot before the Court's ultimate decision of the case could become final. Further, the Court could not perceive that complainant could have suffered any damages, since it was stipulated to the Court that as the filing of the original bill, the defendant Quality Linen Service Corporation had not actively engaged in the business of servicing linen supply items."

■ These same considerations would be valid in the decision not to allow Appellant to dismiss his bill without prejudice. We do not find anything in the record to indicate the Chancellor abused his discretion. The second assignment of error is overruled.

Judgment affirmed.