JOHN LEWIS TURNBLAZER, Appellant,

*v.*

MRS. EVERETT (ELLA MAY JENKINS) SMITH and
FRANK R. QUEENER, Appellees.

379 S.W.2d 772

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

278

John Grady O'Hara, Jellico, for appellant.

Harry B. Brown, Jellico, for appellees.

Mr. Justice White, delivered the opinion of the Court.

This is an appeal from the action of the chancellor in sustaining the plea in abatement filed by the defendant, Mrs. Everett (Ella May Jenkins) Smith, and in sustaining the demurrer field by the defendant, Frank R. Queener, to the bill filed against them in this cause.

The complainant is a real estate agent but not a broker, and as such real estate agent he brought this suit to recover a commission of $720.00 alleged to be due him for services rendered to Mrs. Smith in the sale of her property.

He avers that he was employed by defendant, Mrs. Smith, to locate a purchaser for her real property located in Campbell County, which is described in general terms in the bill but not by metes and bounds, for which he was to receive a commission at the rate of six per cent of the sale price; that on the 24th day of June 1963 he procured Harold Downey to purchase said property for the sum or $12,000.00, and that afterwards the said Downey talked with the defendant Smith, by telephone, long distance, and in this conversation it was agreed that Smith and Downey would each pay one-half of the commission. The defendant Smith called the complainant and told him of the agreement.

Thereafter, the defendant wrote complainant a letter stating that she had an agreement with the lessee of a portion of the property, the defendant Queener, that she would give him the refusal of the property at the highest price that she could obtain therefor, and that she was giving the said defendant Queener until July 4, 1963 to decide whether or not he wished to buy the property at the price offered by Mr. Downey.

The property was purchased by Queener, but prior thereto he, Queener, showed the property to Mr. Downey (the purpose of this is not shown), and advised Mr. Downey of his negotiations with Mrs. Smith. The amount paid for the property by Mr. Queener was $12,000.00.

The complainant then averred that the defendant Smith

"lives outside the jurisdiction of this Court and in the State of North Carolina where the processes of this Court cannot reach her, and by and through her actions and the actions of her codefendant the purchase price of $12,000. has been placed outside of the jurisdiction of

this Court and complainant is without an adequate remedy at law to recover the agreed contract price of $720.00 for his said services as aforesaid unless it is proclaimed, by order of this Court as a cloud upon the title to said property and a lien against it is adjudged in favor of this complainant for said commission.''

The bill prayed that process be issued and served upon the defendant Queener and that

''notice of publication be made as to the defendant, Mrs. Everett (Ella May Jenkins) Smith of this action filed against her, and further that the Clerk and Master of this Court mail to her at her address, 1811 University Drive, Durham, North Carolina, by certified mail, return receipt requested, a copy of the subpoena to answer and also a copy of this complaint requiring her to appear and answer this bill, but not under oath, her oath to her answer being waived.''

Personal service of process was had upon the defendant Queener. Publication was made for the defendant Smith, as prayed for in the original bill requiring her to appear and answer on or before the First Monday in October, 1963 and ''make defense to the bill filed against her in said Court by John Lewis Turnblazer or otherwise the bill will be taken for confessed.''

The defendant Smith appeared specially and filed a plea in abatement for the sole purpose of challenging the jurisdiction as to her and said:

''At the time this suit was filed, and at all times since, she was a resident of the State of North Carolina, not a resident of the State of Tennessee, and was not in the State of Tennessee or Campbell County in said State. She is advised, and on such avers, that she is not

subject to be sued in this case and that processes attempted to be served on her by mail and by publication are void.''

This plea in abatement was properly sworn to.

The chancellor sustained the plea in abatement filed by Mrs. Smith and quoted in his decree a stipulation made in open court between the complainant and Mrs. Smith, viz:

"It is agreed that at the time this suit was filed, and at all times since, she, said Ella May Jenkins Smith, was a resident of the State of North Carolina, not a resident of the State of Tennessee, and was not in the State of Tennessee or Campbell County in said State."

T.C.A. sec. 21-212 concerning the service of process on the defendant in the court of chancery is dispensed with in the following cases: "(1) When the defendant is a nonresident of this state."

Counsel relies upon this paragraph (1) as authority for bringing Mrs. Smith before the Court by publication. However, in doing so he overlooks a number of reported cases which hold that a personal judgment may not be rendered against a nonresident defendant over whom jurisdiction is acquired only by publication. See *Lawson v. American Laundry Machinery Co.*, 165 Tenn. 180, 54 S.W.2d 712 (1932), and *Perry v. Young*, 133 Tenn. 522, 182 S.W. 577, L.R.A. 1917B, 385 (1915), and other cases.

While contending in the bill for a personal judgment against Mrs. Smith, the brief filed on behalf of appellant Turnblazer says:

"The appellant Turnblazer understands that he is not entitled to a money judgment against a nonresident defendant upon service by publication.

"Turnblazer also understands that if he cannot go against the property, the subject matter of this case, over which the Chancery Court does have jurisdiction, that any other relief would be worthless."

■ As indicated, the only relief sought in the bill filed against Mrs. Smith was a money judgment. The bill is silent as to any property that she may own in the State of Tennessee. It does refer to property which had been sold by her to Queener, but there was no effort made to attach or impound this property so as to place it under the jurisdiction of the court. See *Bank v. Carter*, 88 Tenn. 279, 12 S.W. 545 (1889).

Therefore, the chancellor was correct in sustaining the plea in abatement filed by Mrs. Smith.

The defendant Queener filed a demurrer containing three grounds, all of which were sustained by the chancellor. Two of the grounds are:

"1. The bill shows that complainant is a licensed real estate salesman, and not a licensed real estate broker. Under Section 62-1301 T.C.A., Complainant as such real estate salesman could only have been employed by some licensed real estate broker, and could not have been lawfully employed by this defendant or his co-defendant Smith.

"2. It is shown on the face of the bill that there is no privity of contract between the complainant and this defendant."

■ We agree with the action of the chancellor in sustaining the first ground of the demurrer to the effect that a licensed real estate salesman is without authority to maintain an action for a commission alleged to have been earned by him. Under T.C.A. sec. 62-1301 a real estate salesman is defined to mean and include any person who, for a compensation or valuable consideration is associated with or engaged by or on behalf of a licensed real estate broker to do, perform or deal in any act, acts, or transaction set out or comprehended by the definition of real estate broker.

A real estate broker is one who for a compensation, etc., sells or offers to sell, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate for others.

The real estate salesman merely works for and is under the control of the real estate broker and he is ''engaged by and on behalf of a licensed real estate broker''. Therefore, he works for the broker and does his bidding and is under his control. He does not perform services for others for which he may claim commission. The chancellor was correct in holding that the complainant has no right under the statute to maintain this action in his own name for a commission for the purported sale of real estate.

■ Further, under the facts averred in this bill, the complainant had nothing to do with the negotiations between Mrs. Smith and her co-defendant Queener. She conducted these negotiations on her own accord.

The real estate salesman, Turnblazer, never submitted to Mrs. Smith a written offer to purchase by Downey or anyone else. It is possible, though not probable, that in the final analysis Downey would have refused to have

purchased the property and if so, without a written contract, he could not have been made to specifically perform, that is to purchase the property.

In the case of *Parker v. Walker,* 86 Tenn. 566, 569, 8 S.W. 391, 392 (1888), it was said in connection with an action seeking to recover a commission for obtaining a purchaser of real estate:

> "An oral agreement upon the part of the purchaser would not be a valid agreement; and if he refused to complete the sale after such oral agreement, without fault upon the part of the seller, the obligation of the broker would not be fulfilled, and he could not recover his commissions."

In the case of *Nance v. Smyth,* 118 Tenn. 349, 356, 99 S.W. 698 (1906), which involved the claim for commission for the sale of real estate, the Court held that if the agent did not have an agreement giving him the exclusive right to make the sale that the owner could sell elsewhere without liability of fees.

The bill in this case does not allege any exclusive right in the complainant to sell the property in question.

We believe that the chancellor was correct in sustaining the first ground of the demurrer based upon the lack of authority of the complainant to maintain this action. He was equally correct in sustaining the second ground of the demurrer filed by Queener upon the basis that there was never any contract between the complainant and Queener.

Since we think the chancellor was correct in sustaining the first two grounds of the demurrer, we do not think it necessary to consider the third and last

ground based upon the Statute of Frauds. It is a general rule of procedure that the action of the lower court will be affirmed in dismissing a case on demurrer if it is found that any ground thereof is good. That is, such action will be affirmed if there be any ground found in the demurrer upon which it can be sustained. *Young v. Cumberland Grocery Co.,* 15 Tenn.App. 89 (1932).

█ In the brief filed by Turnblazer it is claimed that Queener acted ''in strict violation of Section 47-1706 T.C.A., and it was done 'through Queener's fault, through Queener's fault, through Queener's most grievous fault.''

This section of the Code has to do with recovering treble damages resulting from the procurement of a breach of contract.

This position taken here for the first time in this case is contrary to the theory of the bill as originally filed and upon which the trial court based its action. The original bill sought a judgment of $720.00 against the defendant Smith and prayed that said judgment be declared a cloud upon the title of Frank R. Queener to the property and a lien against the property, and that it so remain until the said commission and judgment is paid.

Therefore, this whole suit has been tried upon a theory entirely different from that of seeking to recover treble damages for the inducement of a breach of contract.

The appellant's brief says that ''the sale of the buildings by Smith to Queener was kept in hugger-mugger between Appellees Smith and Queener as to Appellant Turnblazer until the $12,000.00 was safely outside the jurisdiction of the courts.''

Finally, it is said in the brief that ''Turnblazer had gone into cahoots with Smith to sell her building. Queener

wound up with the building, Smith wound up with the $12,000.00; and Turnblazer wound up with the cahoots.''

This is colorful and interesting language and we rather agree with these conclusions, but the fact remains that within the law the chancellor was eminently correct in dismissing this case upon the plea in abatement and the demurrer.

We have considered most carefully all of the assignments of error and find them to be without merit.

Affirmed.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.