# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**February 13, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

MAURICE KARR and    )
MAURICE KARR, Trustee,   )
              )
  Plaintiffs/Appellees,   )  Davidson Chancery
              )  No. 95-2473-I
VS.            )
              )  Appeal No.
PAUL C. GIBSON a/k/a   )  01A01-9605-CH-00220
PAUL CALVIN GIBSON,   )
              )
  Defendant/Appellant.   )

## APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT
## AT NASHVILLE, TENNESSEE

### THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

For Plaintiffs/Appellees:     For Defendant/Appellant:

Robert J. Notestine, III      Ramsey B. Leathers, Jr.
Nashville, Tennessee       Blackburn, Slobby, Freeman & Happell
                 Nashville, Tennessee

## VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a deficiency judgment obtained against a Canadian resident following service by publication. The Canadian resident filed a Tenn. R. Civ. P. 60.02 motion in the Chancery Court for Davidson County seeking to set aside the default judgment obtained against him on the grounds that service by publication was ineffective and that he received no notice of the lawsuit before the trial court granted the default judgment. The trial court denied the motion, and the Canadian resident has appealed. We have determined that the judgment must be set aside because a personal judgment cannot be rendered against a nonresident defendant who is served only by publication.

## I.

In September 1989, Paul Gibson executed a $109,000 installment note payable to Maurice Karr of Nashville. The note was secured by a condominium unit in Nashville. Mr. Gibson later defaulted on the note, and Mr. Karr, as trustee on the installment deed, sold the unit in June 1994 for $83,100. In August 1995, Mr. Karr sued Mr. Gibson in the Chancery Court for Davidson County seeking a judgment for the $37,810.14 deficiency. Mr. Karr's complaint alleged that he was unaware of Mr. Gibson's mailing address but that Mr. Gibson was presently residing in the Canadian province of Ontario. The complaint also requested that Mr. Gibson be served by publication.

Evidently, the trial court entered an order allowing service by publication on Mr. Gibson.[1] Notice of the lawsuit was published in *The Nashville Record* on four different occasions during August and September of 1995. In accordance with Tenn. Code Ann. § 21-1-205(a) (1994), the clerk and master also mailed a copy of the notice of publication to Mr. Gibson at his last known address in Nashville. Mr. Gibson never received the notice of publication, and the mailed notice of publication was never returned to the clerk and master marked refused.

---

[1]See Tenn. Code Ann. § 21-1-204(a) - (c) (1994). The order for publication is not in the appellate record.

Mr. Karr moved for a default judgment against Mr. Gibson in October 1995 but did not serve a copy of the motion on Mr. Gibson because his "exact mailing address" was unknown. On November 20, 1995, the trial court entered a default judgment against Mr. Gibson for $48,992.87 plus court costs.[2] During a January 9, 1996 telephone conversation, Mr. Karr informed Mr. Gibson's attorney that he had obtained a deficiency judgment against Mr. Gibson. After talking with Mr. Karr, Mr. Gibson's attorney immediately telephoned Mr. Gibson to tell him about the lawsuit and the judgment. Prior to this conversation, Mr. Gibson, so his uncontradicted affidavit states, had no knowledge of Mr. Karr's lawsuit.

Mr. Gibson filed a Tenn. R. Civ. P. 60.02 motion on February 16, 1996, requesting the trial court to set aside the default judgment on the grounds that the service of process by publication was defective and that he had no notice of the lawsuit against him before the trial court entered the default judgment. The trial court denied Mr. Gibson's motion on March 18, 1996.

## II.

The sole issue before us is whether Mr. Gibson was entitled to relief from the default judgment because he had no notice of the lawsuit before the entry of the default judgment. Mr. Karr asserts that he obtained service of process by mailing a copy of the order of publication to Mr. Gibson's last known address in Nashville. Mr. Karr's position lacks legal support.

The law does not favor default judgments because the interests of justice are ordinarily best served by trials on the merits. *See Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985); *Coin Automatic Co., Inc. v. Estate of Dixon*, 213 Tenn. 311, 321, 375 S.W.2d 858, 862 (1963). Accordingly, Tenn. R. Civ. P. 55.02, permits trial courts, for good cause shown, to set aside default judgments in accordance with Tenn. R. Civ. P. 60.02. Rule 60.02 permits trial courts to relieve parties from final judgments for mistake, inadvertence, surprise or excusable neglect, fraud or other misconduct, where the judgment is void or has been satisfied, or for any other reason justifying relief. The courts must construe Tenn. R. Civ. P. 60.02's

_____

[2]The judgment consisted of the $37,810.14 deficiency; $3,017.25 in prejudgment interest; and $8,165.48 in attorney's fees.

-3-

requirements liberally in the context of granting relief from default judgments. *See Tennessee Dep't of Human Services v. Barbee*, 689 S.W.2d at 867; *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991).

One of the bedrock principles of this nation's due process jurisprudence is the right to notice and an opportunity to be heard before an impartial trier-of-fact. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 114 S. Ct. 492, 500 (1993); *Phillips v. State Bd. of Regents*, 863 S.W.2d 45, 50 (Tenn. 1993). Thus, due process requires plaintiffs to give defendants notice that is reasonably calculated, under all the circumstances, to inform the defendants of the pending action. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950); *McClellan v. Board of Regents*, 921 S.W.2d 684, 688 (Tenn. 1996). As the United States Supreme Court has made clear, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. at 315, 70 S. Ct. at 657.

Prior to obtaining his default judgment, Mr. Karr did nothing reasonably calculated to notify Mr. Gibson of the pending suit seeking a deficiency judgment. Rather than undertaking personal service, Mr. Karr simply placed notices in a Nashville legal newspaper and mailed a notice to a Nashville address he knew to be outdated. Under the circumstances known to Mr. Karr, placing a notice in a legal newspaper was not reasonably calculated to inform a Canadian resident of a pending Tennessee lawsuit.

Mr. Karr's formalistic compliance with Tenn. Code Ann. § 21-1-205(a) (1994) is equally inadequate. Mr. Karr knew that Mr. Gibson was no longer living at 137 Harpeth Trace Drive, Nashville when he directed the clerk and master to mail a copy of the published notice to that address.[3] Going through these empty motions not reasonably calculated to actually bring a lawsuit to a nonresident defendant's attention cannot satisfy the requirements of due process.

---

[3]Approximately one month before Mr. Karr filed his complaint, he had closed the sale on Mr. Gibson's condominium and had received the proceeds of the transaction. Mr. Karr knew full well that someone else was living at Mr. Gibson's former address.

Mr. Karr's reliance on the service by publication statutes is misplaced because these statutes do not displace the long-standing principle that a personal judgment cannot be rendered against a nonresident defendant who has been served only by publication. *See Turnblazer v. Smith*, 214 Tenn. 277, 281-82, 379 S.W.2d 772, 774 (1964). Since Mr. Karr's complaint sought a personal judgment against Mr. Gibson, Mr. Gibson was entitled to notice either by personal service or by service upon someone designated by law as his representative for service. *See Continental Ins. Co. v. Masters*, App. No. 01A01-9206-CH-00254, 1993 WL 4856, at *2 (Tenn. Ct. App. Jan. 13, 1993) (No Tenn. R. App. P. 11 filed).

Tenn. Code Ann. § 21-1-205(a) permits a trial court to consider independent proof that a nonresident defendant had actual notice of the suit. Mr. Karr's brief suggests that "[t]he possibility exists that additional evidence was available to the Chancellor at the hearing on Gibson's Motion which he relied upon in making his decision to deny Gibson's motion." This evidence, if it exists, is not before us. Both parties share the responsibility to make sure that the record on appeal contains a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." *See* Tenn. R. App. P. 24(a)-(c). Thus, if this evidence exists, Mr. Karr should have taken steps to make sure it was included in the appellate record. We rest our decision strictly on the appellate record, and nothing before this court indicates that Mr. Gibson knew about this lawsuit prior to January 9, 1996.

Mr. Karr also argues that Mr. Gibson has not denied owing a deficiency and that Mr. Gibson has not asserted any meritorious defense to the deficiency suit.[4] Ordinarily, courts will not set aside default judgments absent a showing that the defendant has a colorably meritorious defense. *See Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984); *In re Estate of Mayes*, 843 S.W.2d 418, 425-26 (Tenn. Ct. App. 1992). However, the general rule requiring the proffer of a meritorious defense does not apply when a defendant is seeking to set aside a default judgment that is legally void. *See Patterson v. Rockwell Int'l*, 665 S.W.2d at 101; *Terminix Int'l Co., L.P. v. Tapley*, App. No. 02A01-9701-CH-00028, 1997 WL 437222, at *3 (Tenn. Ct. App. Aug. 4, 1997) (No Tenn. R. App. P. 11 filed). A personal judgment

---

[4]Mr. Gibson argues here that the condominium was worth $142,000 and that it sold at foreclosure for approximately forty percent below that value. He maintains that the sale price is inadequate enough to raise the possibility of fraud. Mr. Gibson also disputes the amount of attorney's fees claimed by Mr. Karr.

against a defendant who was never before the court by proper service or voluntary appearance is void. *See Overby v. Overby*, 224 Tenn. 523, 525-26, 457 S.W.2d 851, 852 (1970); *Dickson v. Simpson*, 172 Tenn. 680, 694, 113 S.W.2d 1190, 1195 (1938). Without opining on Mr. Gibson's complaints about the commercial reasonableness of the foreclosure sale or Mr. Karr's claimed attorney's fees, we find that Mr. Gibson was entitled to relief from the default judgment under Tenn. R. Civ. P. 60.02(3) because it was void.

### III.

We vacate the denial of Mr. Gibson's motion to set aside the default judgment and remand the case to the trial court for further proceedings consistent with this opinion. We also tax the costs of this appeal to Maurice Karr for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE