Turney, J.,
delivered tbc opinion of tlie court:
Tlie plaintiff in error was convicted of an assault and battery on the person of John Kay.
The proof shows the parents of Kay to have died when he was about, six years old; that he had lived with an uncle and aunt for about eight years, who hired him to plaintiff in error for one year.
That at the time of hiring, the uncle told plaintiff in error, if the boy did not behave to whip him; that for laziness and disobedience the plaintiff in error gave the’ boy four or five licks with sassafras sprouts.
The court withdrew from the jury so much of the proof as tended to show authority from the uncle to whip, and charged “if they found the defendant, had whipped the boy in Wealdey county, within twelve months before the indictment, they would find the defendant guilty as charged.”
This was error. The rule is: “The master has a right to give moderate corporal correction to his setrvant for disobedience to his lawful commands, negligence in his business, or for insolent behavior.” Keeves’ Domestic Dela-tions, 534.
' The attorney-general refers to Cooper’s case, decided a.t Knoxville at the last term. In that case the circuit judge charged the jury substantially as we hold the law to be, but refused to charge that the hirer in that case might inflict corporal punishment for disobedience or neglect, without permission from the parent. This charge, which was affirmed, is to be construed with reference to the facts. There *654 tbe hiring was for a short period, probably by the day, and for a special and simple service, i. e., to work in brick-yard. Here the hiring is general for a year, and with authority from him who stands in loco parentis to chastise, etc.
There is a marked difference between the cases. In the one, the parent has not parted with the control of the child, except for a definite purpose for a short time. In the other he parted with the government, entirely for the period of twelve months. The rule is confined to apprentices, and menial servants who are not of full age and are members of the master’s family. 2 Kent, 261.
It follows that in case of permanent and general hiring, in the absence of restriction by the parent or person standing in his place, the master may, for the offenses indicated, inflict moderate and reasonable corporal punishment commensurate with and not exceeding the offense.
Reverse the judgment.