## A. J. GLENN *v.* T. S. PAYNE.*

### (*Nashville.* December Term, 1925.)

1. **JUSTICES OF THE PEACE.** "Justice's court," within its jurisdiction, is vested with all powers of court of record.

   "Justice's court" is a judicial tribunal, and, within its jurisdiction, is vested with all powers of court of record. (*Post, pp.* 247-249.)

2. **LIMITATION OF ACTIONS.** Issuance of warrant by justice of peace held "commencement of an action," tolling limitations (Shannon's Annotated Code, sections 4444, 4445, 4518-4522, 4524, 5958).

   Issuance of warrant by justice of peace in suit on note *held* "commencement of an action," arresting operation of statute of limitations without service of warrant on defendant, in view of Shannon's Annotated Code, sections 4444, 4445, 4518-4522, 4524, 5958. (*Post, pp.* 247-249.)

   Cases cited and approved: Reed v. Brewer, 7 Tenn., 275; Smith v. Kirkwood, 3 Shan. Cas., 652; Moran v. Weinberger, 149 Tenn., 537.

   Case cited and distinguished: Maynard v. May & Fox, Adm'rs., 42 Tenn., 44.

   Codes cited and construed: Secs. 4444, 4445, 4518, 4519, 4520, 4521, 4522, 4524, 5958 (S.).

---

*Headnotes 1. Justices of the Peace, 35 C. J., Section 57; 2. Limitation of Actions, 37 C. J., Section 480.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court

of Civil Appeals from the Supreme Court.—Hon. A. G. Rutherford, Judge.

B. D. Bell, for plaintiff.

Meriwether Baxter, for defendant.

Mr. Justice Hall delivered the opinion of the Court.

The question involved in this case is whether or not the issuance of a warrant by a justice of the peace is the commencement of an action, and arrests the operation of the statute of limitations before service of such war-rant upon the defendant.

It appears that the defendant, T. S. Payne, executed a note to the plaintiff, A. J. Glenn (petitioner here), for $263, due ninety days after date. Defendant declined to pay the note at maturity, and, after a period of six years, lacking two days, plaintiff, on March 29, 1924, went before F. B. Blair a justice of the peace for Davidson county, and had said justice of the peace to issue a warrant on said note, together with interest and attorneys' fees. The warrant, on the same day it was issued, was placed in the hands of a deputy sheriff. The warrant does not show the date upon which it was served on the defendant, but it is conceded by the plaintiff that it was not served until several weeks after the expiration of six years from the date of maturity of the note.

On June 16, 1924, the justice of the peace heard the case and rendered judgment upon the note in favor of the plaintiff.

An appeal was taken from this judgment to the circuit court of Davidson county by the defendant, and

in that court the defendant pleaded the statute of six years in bar of the plaintiff's right of action. The circuit judge, hearing the case without the intervention of a jury, sustained the plea, and dismissed the suit.

From this judgment the plaintiff appealed to the court of appeals. That court reversed the judgment of the circuit court, and awarded a recovery to the plaintiff upon said note, with reasonable attorneys' fees, and costs.

The defendant has filed his petition in this court for a writ of *certiorari*, and the case is now before us for review. The writ was granted, the case set down for argument, and argument had.

The court of appeals was of the opinion that the issuance of a warrant by a justice of the peace is the commencement of an action within the meaning of our statutes, and arrests the running of the statute of limitations. In other words, that an action before a justice of the peace is commenced when the warrant issues without service upon the defendant.

This holding of the court of appeals is assigned by the defendant as error; the defendant insisting that such is not the case, but that the running of the statute of limitations is arrested only from the date of the service of the warrant.

By section 4444 of Shannon's Annotated Code (section 2753 of the Code) it is provided: "The general provisions of the Code, in regard to actions and their incidents, apply to proceedings before justices of the peace, unless controlled by the provisions designed expressly for such proceedings."

By section 4445 (section 2754 of the Code) it is provided: "The suing out of a summons is the commence-

ment of an action, within the meaning of this chapter, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of *alias* process from term to term, or recommenced within one year after the failure to execute.''

By section 4518 (section 2813 of the Code) it is provided: ''All civil actions at law, in courts of record or before justices of the peace, except otherwise provided, shall be commenced by summons.''

Section 4519 (section 2814 of the Code) provides: ''The summons shall be signed by the justice or clerk of the court, as the case may be, and directed to the sheriff or other proper officer, and require the defendant to appear and answer the plaintiff's action.''

Section 4520 (section 2815 of the Code) prescribes the form of the summons.

Section 4521 (section 2816 of the Code) provides: ''The cause of action in the summons may be stated briefly in general terms.''

Section 4522 (section 2817 of the Code) provides: ''The summons from a justice's court shall be substantially the same, but requiring the defendant to appear before any justice of the county on a day fixed, or generally, as at present used. If no time or place be designated, the officer serving the process shall notify the defendant of the time and place, and make his return accordingly.''

Section 4524 (section 2819 of the Code) provides: ''The clerk, justice, or attorney issuing any process, shall mark thereon the day on which the same is issued; and the sheriff or other officer into whose hands the same shall come to be executed, shall, in like manner, mark thereon

the day on which he shall have received it. The penalty for neglect of this requirement shall be a forfeiture of one hundred and twenty-five dollars, to be recovered in any court having cognizance thereof, by any persons who shall sue for the same, with costs."

Section 5958 (section 4146 of the Code) provides: "Civil actions before a justice of the peace are commenced by summons, to be signed and issued by a justice, in substance as follows: [Then follows the form of the summons.]"

The case of *Maynard* v. *May & Fox, Adm'rs*, 2 Cold., 44, is relied on by defendant to support his contention that the issuance of a warrant by a justice of the peace is not the commencement of the action. In that case the court, in construing section 2754 of the Code (section 4445 of Shannon's Annotated Code), said:

"We think the provisions of section 2754 of the Code were intended to apply only to suits brought in courts of record, having regular terms, the times and places for holding which are designated by law, and to which process issuing therefrom is made returnable; and do not apply to suits brought and pending before justices of the peace. By section 4127 of the Code, every justice of the peace is admonished that he should appoint some one day in every month for the trial of all matters cognizable before him; but by section 4128, he is authorized to try any cause that may be brought before him, at any time and at any place within his county, unless expressly prohibited by some positive provision of the Code. A justice's court has no terms, in the sense in which the words are used in section 2754. Warrants issued by justices of the peace do not ordinarily provide

when, where, or before whom they shall be returned; neither is there any law requiring that they shall be returned within any specified time, on or before any given day, at any particular place, or before any particular justice of the peace. The determination of these questions is generally left to the discretion of the officer executing the process.''

In that case the plaintiff sued out a warrant against the defendants before a justice of the peace for Knox county, on the 22d day of November, 1858, and, on the 10th day of November, 1859, placed the same in the hands of a constable for said county for service. This warrant was executed on one of the defendants on the 24th, and on the other on the 26th of November, 1859. The case was tried before a justice of the peace, from whose judgment the plaintiff appealed to the circuit court of Knox county. At the June term, 1861, the parties appeared, and, waiving a trial by a jury, submitted the case to the circuit judge.

The suit was brought on a note, executed by defendants' intestate, and made payable to the plaintiff, for $80, dated on the 13th of June, 1856, and due one day after date.

On the trial before the court defendants insisted: (1) That the failure on the part of the plaintiff to place the process in the hands of an officer until the 10th of November, 1859, amounted to an abandonment and discontinuance of the suit; (2) that, if the placing of the warrant in the hands of an officer for service may be regarded as a recommencement of the suit, more than two years had elapsed prior thereto since their qualification, and,

therefore, the suit was barred by the statute of limitations.

Upon the part of the plaintiff it was insisted: (1) That the suing out of the warrant was the commencement of an action, within the meaning of section 2754 of the Code; and that placing the same in the hands of an officer for service within one year from the date of its issuance was a recommencement of the suit, within the meaning of that section, and, therefore, there was no discontinuance or abandonment of the suit; (2) that, under section 2760 of the Code, the defendants are not protected against suits until the expiration of two years and six months after their qualification, during the whole of which time resident creditors may sue.

It was held that the defendants had waived their first insistence, to-wit, that the failure on the part of the plaintiff to place the process in the hands of an officer until the 10th of November, 1859, amounted to an abandonment or discontinuance of the suit; they having appeared and proceeded to a trial of the case upon its merits without making a motion to have the case discontinued for the reason stated in their first insistence.

As to defendants' second contention, that is, that, if the placing of the warrant in the hands of an officer for service may be regarded as a recommencement of the suit, more than two years had elapsed prior thereto since their qualification, and, therefore, the suit was barred by the statute of limitations, the court held that a creditor is not barred from bringing a suit for the recovery of his debt or demand against a personal representative until the expiration of two years and six months after the appointment of such personal representative.

Glenn v. Payne.

We think the court in that case correctly construed section 2754 of the Code (section 4445 of Shannon's Annotated Code) as applying only to actions commenced in a court of record having terms to which process may be made returnable; but the court did not refer to and undertake to construe any of the other sections above quoted.

Section 4518 of Shannon's Annotated Code (section 2813 of the Code) expressly provides that all civil actions at law, in courts of record or before justices of the peace, except otherwise provided, shall be commenced by summons.

Section 5958 of Shannon's Annotated Code (section 4146 of the Code) provides that civil actions before a justice of the peace are commenced by summons, to be signed and issued by a justice, and prescribes the form of the summons.

In neither of these sections is it provided that the commencement of the suit shall date only from the execution or service of the summons, and we are unable to perceive any good reason why this should be true. A justice's court is a judicial tribunal, and, within its jurisdiction, it is vested with all the powers of a court of record. The statute says that suits before justices of the peace shall be commenced by summons, and, when a summons is issued by a justice, that is the commencement of a suit, and there is no language in the statute which will warrant the construction that the suit is only commenced from the date of the service of the summons.

In *Reed* v. *Brewer,* Peck, 275, and *Smith* v. *Kirkwood,* 3 Shan. Cas., 652, it was held that the real commencement of a suit, for the purpose of computing the time un-

der the statute of limitations, is the day of the issuance of the summons as shown by the indorsement thereon, which is made by direction of the statute, and is, therefore, as much a matter of record as the summons itself.

In the last above-cited case it was expressly held that a warrant unsigned by a justice of the peace is a nullity, and all proceedings under it are void, unless the objection be in some manner waived by the defendant; that it is the duty of a justice of the peace issuing a warrant not only to sign it himself, but to indorse on the back of it the date of its issuance, which becomes an important matter under the plea of the statute of limitations.

In *A. B. Rozell* v. *H. C. Moore,* appealed from the circuit court of Williamson county to the court of civil appeals in 1908, the identical question we now have under consideration was presented, and it was held that, in view of the provisions of section 4518 of Shannon's Annotated Code, the suing out of a summons before a justice of the peace is the commencement of the action; the court saying:

"So it would seem that there is no good reason why the issuance of a summons should be the commencement of an action in the circuit court, or that the commencement of an action in the circuit court should date from the issuance of the summons, and that the commencement of a suit before a justice of the peace should date not from the issuance of the warrant, but from the service of it; the statute providing that all actions at law in courts of record and before justices of the peace should be commenced by summons."

The petition filed for the writ of *certiorari* in that case was denied by this court.

The defendant relies on the holding of this court in *Moran* v. *Weinberger,* 260 S. W., 966, 149 Tenn., 537, to support his contention that the suing out of a summons before a justice of the peace is not the commencement of an action.

This case is not in point. There is nothing in that case which conflicts with the view which we have reached in the instant case. In that case it was the rights of the plaintiff under section 4446 of Shannon's Annotated Code that were involved; it being merely held that the decision in *Maynard* v. *May & Fox, Adm'rs,* supra, properly construed section 4445 of Shannon's Annotated Code as not applying to proceedings before justices of the peace.

It results that the judgment of the court of appeals will be affirmed, with costs.