GALBRAITH v. KIRBY et al.—109 S. W. (2d), 1168.

SAME v. SMITH et al.

Eastern Section. Feb. 20, 1937.

Petition for Certiorari Overruled by Supreme Court, June 17, 1937.

Cates, Smith & Long, of Knoxville, for Elizabeth Price Galbraith.

White & Leonard, of Knoxville, for Mrs. Ada Kirby and Mrs. Lou Smith.

Ray H. Jenkins, of Knoxville, for E. N. Willard, Jr., Deputy Sheriff, and J. Wesley Brewer, Sheriff.

Green, Webb & Bass, of Knoxville, for cross-defendant Hartford Accident and Indemnity Co.

ANDERSON, J.   These causes were consolidated and tried together in the chancery court of Knox county.   In the first above mentioned the appellant, Elizabeth Price Galbraith, on November 2, 1934, filed her original bill against the defendants, Mrs. Ada Kirby, E. N. Willard, Jr., in his capacity as deputy sheriff, Dan Kelly and John H. Scott, in their respective capacities as justices of the peace, seeking to have a judgment on a note rendered against her and in favor of the defendant, Mrs. Ada Kirby, decreed to be void and its enforcement perpetually enjoined on the ground that no process had

been served upon her in the suit in which said judgment was rendered and that she had no notice thereof.

In the other case the bill was filed by the appellant, Mrs. Galbraith, against Miss Lou Smith, and said deputy sheriff and justices of the peace in which she sought the same relief with respect to a judgment rendered against her and in favor of Miss Lou Smith in the justice of the peace court upon a plea of debt due by note in the sum of $999.99.

Identically the same pleadings were filed by the parties in both causes, and by consent the two were consolidated and tried together upon the same testimony.

On November 30, 1934, Mrs. Ada Kirby and Miss Lou Smith each filed an answer and cross-bill in the cause in which she was a party defendant. It is not necessary to a determination of the questions presented by the appeals to notice the contents of the answers further than to say that in each the material averments of the bill were denied. The cross-bills named as cross-defendants E. N. Willard, Jr., deputy sheriff, J. Wesley Brewer, sheriff of Knox county, and the Hartford Accident & Indemnity Company, surety on the bonds of said sheriff and his deputy. In each cross-bill it was averred in substance that the defendant deputy sheriff had made a false return of the warrants in the justice of the peace suits, in that he had returned the same as having been executed upon the appellant Mrs. Elizabeth Galbraith and her husband, J. J. Galbraith (the latter having been sued jointly with his wife in both suits), when in fact no such service had been had upon Mrs. Gailbraith. It was further averred in each of said cross-bills that "at the time the said E. N. Willard, Jr., deputy sheriff, admitted his false return in this case it was too late to issue other process on said note, due to the fact that the statute of limitations had run against the note sued on, and that by reason of said false return made by E. N. Willard, deputy sheriff, this cross-complainant has been damaged in that she has not secured a valid judgment against Elizabeth Price Galbraith."

The respective cross-bills prayed for a judgment in the amount of damage sustained by the cross-complainant against the sheriff, his deputy and the surety on their respective bonds.

It is unnecessary to notice joint demurrers to the cross-bill filed by the last named three, the demurrers having been overruled. Answers were thereupon filed by these cross-defendants setting up the same defenses as were made in the demurrers and averring that neither cross-complainant had suffered any damage and that they must be required to pursue and exhaust their lawful remedies against the original complainant, Mrs. Elizabeth Price Galbraith, before they could maintain their cross-bills against them.

On May 1, 1935, Mrs. Kirby and Miss Smith each amended the cross-bill previously filed by her so as to make the original complain-

ant, Mrs. Elizabeth Price Galbraith, a cross-defendant thereto and so as to add the following allegation: "The original process issued before the justice of the peace against Elizabeth Price Galbraith in favor of this cross-complainant, was issued and the judgment entered within one year next before the date of this order and cross-complainant charges that in view of the allegations of the original bill by the original complainant, cross-complainant is entitled to judgment in this cause against the original complainant for the amount of the judgment before the justice of the peace, together with the costs of said cause."

The prayer of each cross-bill was amended so as to pray "that judgment be rendered against the said Elizabeth Price Galbraith in this cause for the full sum of said judgment rendered before the justice of the peace which she now charges to be void." The appellant, Mrs. Galbraith, demurred to each cross-bill as amended upon the ground that it affirmatively appeared that the causes of action of the respective cross-complainants were barred by the six-year statute of limitations.

Upon the hearing the chancellor held that the judgments rendered in the justice of the peace case in both suits were void because of the failure of the executing officer to make personal service of process upon Elizabeth Price Galbraith, and he accordingly decreed that the collection of each of said judgments be perpetually enjoined as to her but without affecting in any way said judgments against J. J. Galbraith, her husband and codefendant in the two suits before the justice of the peace.

He further decreed that the amendments to the two cross-bills filed respectively by Mrs. Kirby and Miss Lou Smith making Elizabeth Price Galbraith a party defendant, having been made within one year after the issuance of the summons on August 13, 1934, in the respective suits before the justice of the peace, the causes of action in favor of Mrs. Kirby and Miss Smith respectively were therefore not barred by the statute of limitations. He accordingly overruled and disallowed the demurrer of Elizabeth Price Galbraith and rendered a decree against her in favor of Mrs. Kirby for $752 and interest from May 1, 1935, and a decree against her in favor of Miss Lou Smith for the sum of $999.99, having limited the amount of the recovery awarded to the jurisdiction of the justice of the peace.

The chancellor further held that no right of action had accrued in favor of Mrs. Kirby or Miss Smith against the two officers and their surety, for the reason that each "still had her proper and sufficient remedy against the defendant, Elizabeth Price Galbraith, the one year time from the date of the issuance of the summons before the justice of the peace, not having expired." He accordingly dismissed the cross-bills against these defendants but without prejudice to the

rights of the cross-complainants to any possible right of action which might subsequently accrue by reason of the failure of the deputy sheriff to serve process upon the said Elizabeth Price Galbraith.

Mrs. Galbraith appealed from so much of the decree as awarded a recovery against her, and Mrs. Kirby and Miss Smith appealed from so much thereof as dismissed their respective cross-bills against the officers and their sureties.

The primary, and what we conceive to be the determinative, question is made by the challenge of Mrs. Galbraith to the action of the chancellor in declining to hold that the causes of action alleged in the respective cross-bills as amended were not barred by the statute of limitations.

There is no controversy about the facts upon which this question must be determined. They are stated in the assignments of error and brief filed on behalf of the appellant, Mrs. Galbraith, as follows:

"Within six years after the maturity of a promissory note executed jointly by a husband and his wife a civil warrant was issued by a justice of the peace whereby the owner of the note sought judgment for the balance due on the note. The return of the officer showed that said civil warrant was duly executed by reading the same to both defendants, and on the day set for trial, neither defendant appearing, judgment was rendered against both defendants for the amount due. Said judgment has not been arrested or reversed on appeal. The defendant wife was not served with the civil warrant issued by the justice of the peace, and the return of the officer as to her was false. After the time for appeal had expired, the defendant wife learned for the first time that she had been sued and judgment had been rendered against her, and she thereupon filed her original bill to have the judgment as to her declared void and permanently enjoined.

"More than six years after the maturity of the note upon which the justice of the peace rendered judgment, a new action was instituted in the Chancery Court against the wife, and was sought to be maintained solely on the ground that the civil warrant issued by the justice of the peace was issued, and the judgment thereon was entered within one year next before the bringing of the new action."

The statute upon which the chancellor apparently predicated his holding that the causes of action were not barred by the statute of limitations is contained in Code, section 8571 (Shannon's Code, section 4445). It is as follows: "The suing out of a summons is the commencement of an action, within the meaning of this chapter, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term, or recommenced within one year after the failure to execute."

This Code section is a literal reenactment of the statutory provision compiled in Shannon's Code, section 4445, Code 1858, sec-

tion 2754. It has been held in three cases that this statutory provision applies only to suits instituted in courts of record and has no application to suits tried before a justice of the peace. Maynard v. May, 2 Cold. (42 Tenn.), 44; Moran v. Weinberger, 149 Tenn., 537, 540, 260 S. W., 966; Glenn v. Payne, 153 Tenn., 240, 280 S. W., 1019.

However, Code, section 8572, which is a re-enactment of section 2755 of the Code of 1858 (Shannon's Code, section 4446), does apply to suits before a justice of the peace and it becomes necessary to determine whether the chancellor's conclusion was warranted by the provisions of this Code section.

It reads as follows:

"*New action within one year after inconclusive judgment, dismissal, arrest, or reversal.* If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

For the appellant, Mrs. Galbraith, it is insisted with much plausibility that this Code section can have no application to the situation presented in the present case because, while it is true that the actions instituted before the justice of the peace were commenced within the time limited by the statute of limitations of six years, yet the judgment rendered by the justice of the peace was rendered for the plaintiff and not against the plaintiff as contemplated by the statute, and further that the case made by the record is not within the second situation provided for by the statute, for the reason that, while the judgments were rendered in favor of the plaintiffs, they were neither arrested nor reversed on appeal.

This contention would perhaps be sustainable if the language of the statute be taken literally and in a technical sense. We do not think, however, that the authorities in this state warrant this being done.

It has been consistently held that the statute in question is remedial and is to be liberally construed in furtherance of its purpose. Bryant v. Mulder, 163 Tenn., 600, 604, 45 S. W. (2d), 48.

The spirit of the statute as distinguished from the letter thereof was aptly stated by the court in Nashville, C. & St. L. Railroad Co. v. Bolton, 134 Tenn., 447, 455, 184 S. W., 9, 11, thus: "It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited. Further, that the judgment itself must be one that brings to a rest or con-

clusion the action as then pitched and prosecuted, whether by dismissal, arrest, or reversal.''

The view of the court thus expressed applies with peculiar force to the situation presented in the present record.

So the question is whether, within the meaning of the statute as thus construed, the judgments in the justice of the peace court concluded the rights of action of the respective plaintiffs therein.

It being conceded that these judgments were rendered against the appellant, Mrs. Galbraith, without service of process, they were absolutely void. Sheffy v. Mitchell, 142 Tenn., 48, 215 S. W., 403; Davis v. Reaves, 7 Lea (75 Tenn.), 585; Ridgeway v. Bank, 11 Humph. 523; Lawson v. American Laundry Machine Co., 165 Tenn., 180, 54 S. W. (2d), 712.

The rendition and entry of the judgments by the justice of the peace against Mrs. Galbraith did not in any wise affect her substantive rights or those of the respective plaintiffs in said suits, notwithstanding that said judgments were not void as against Mrs. Galbraith's husband and codefendant, J. J. Galbraith. Winchester v. Beardin, 10 Humph. (29 Tenn.), 247, 51 Am. Dec. 702; Crank v. Flowers, 4 Heisk. (51 Tenn.), 629; 1 Freeman on Judgments, sections 101, 104, 105, 107 and 108.

Hence, in legal contemplation, the matter stood in the same plight as a case wherein a plaintiff sues out a warrant against two defendants, one of whom is served and the other not, and the case proceeds to judgment against the party served without action with respect to the one not served.

In such a situation, we think upon reason and by analogy that the case as to the one not served must be considered as having been dismissed, although the judgment does not so recite.

An analogy is afforded by the holding of the court in Trevathan v. Caldwell, 4 Heisk. (51 Tenn.), 535, that, where a warrant of a justice of the peace has been served on two defendants and judgment rendered as to only one, it will be presumed that the suit was dismissed as to the other defendant. See, also, Moon v. Harman, 12 Tenn. (4 Yerg.), 21.

So in the case of Pollard v. Huston, 7 Lea (75 Tenn.), 689, a summons was sued out against several parties and returned executed upon all except one. The plaintiff declared against those served, omitting one not served. Upon consideration of the action of the trial judge in sustaining a motion to discontinue the suit made by the parties who were served with process on the ground that one of the parties sued in the summons with them had been dropped from the declaration and the process had not been continued against such person, the court held that the failure to declare against the defendant who had not been served would be treated as an informal nolle prosequi as to him and the variance would be disregarded.

We think the principle announced by these cases affords by analogy authority for the conclusion that within the purview of the Code, section 8572, the legal effect of the action of the justice of the peace in rendering a valid judgment against J. J. Galbraith without rendering like judgment as to the codefendant, Mrs. Galbraith, may be considered as having worked an automatic, informal dismissal of the suit as to the latter.

In this view of the matter, that was in legal effect a judgment by the justice of the peace against the respective plaintiffs which, within the meaning of Code, section 8572, did not conclude the rights of action (cf. Rye v. Rayon Co., 163 Tenn., 95, 40 S. W. (2d), 1041), for there can be no distinction in principle between the legal effect of a dismissal of a suit by act of a party and its dismissal by operation of law.

Whatever may have been the effect upon the rights of the parties, the judgments rendered by the justice of the peace brought "to a rest or conclusion the action[s] as then pitched and prosecuted." Nashville, C. & St. L. Railroad Co. v. Bolton, supra. They then became subject to review by any appropriate proceeding in any court of competent jurisdiction. While nominally they were rendered in favor of the respective plaintiffs and against both defendants, in reality and in legal effect they were rendered against the plaintiffs in so far as the defendant, Mrs. Galbraith, was concerned, since they did not adjudicate their rights against her in a manner that fastened any liability whatever upon her. Hence, as to Mrs. Galbraith, the object of the suits failed altogether, as much so as if there had been a formal dismissal as to her; and this failure was for a reason not affecting the merits of the controversy and hence in a manner not concluding the plaintiff's rights of action within the spirit of the Code section as defined by the Supreme Court.

It is further insisted by the appellant, Mrs. Galbraith, that since the adoption of the Code that the suing out of the warrants before the justice of the peace cannot be considered the commencement of an action within the meaning of Code, section 8572, notwithstanding the holding of the court in Glenn v. Payne, supra, to the effect that the issuance of the summons is the commencement of a suit before a justice of the peace. It is contended that the decision of the Supreme Court in the case mentioned was predicated upon the fact that Shannon's Code, section 4518, carried literally into the new Code at section 8645, provided that all civil actions at law, in courts of record or before justices of the peace, except otherwise provided, shall be commenced by summons considered in connection with Shannon's Code, section 5958, providing that civil actions before justices of the peace are commenced by a summons.

It is insisted that in the adoption of the Code, section 10159, the Legislature modified the provisions of the statute contained in Shan-

non's Code, section 5958, by substituting the word "warrant" for the word "summons," and that a suit commenced by a warrant, instead of a summons, is one commenced in a manner "otherwise provided," within the meaning of Code, section 8645, and hence the decision in Glenn v. Payne is not controlling.

There is no merit in this contention. A warrant is the name given to a summons when it is issued by a justice of the peace. Caruthers' History of a Law Suit, page 82. The words "warrant" and "summons" as applicable to a proceeding before a justice of the peace are used interchangeably, both in our decisions and in our statutes. Thus in subsection (9) of section 5938 of Shannon's Code in the chapter dealing with the duties of the justices of the peace he is enjoined "not to sign a warrant or summons until written out in full." The same language is used in subsection (9) of section 10139 of the new Code. So in Shannon's Code following section 5958, providing that civil actions before a justice of the peace be commenced by summons, the word "warrant" is used instead of summons in the following section, 5962, appearing in the same chapter and providing that, if the place of trial is not fixed in the warrant, the officer serving it shall notify the defendant of the time and place and make his return accordingly.

The opinions in the case of Glenn v. Payne, supra and Maynard v. May, supra, both use the words interchangeably. Numerous others so using them could be cited but we deem further elaboration unnecessary.

This brings us to a disposition of the appeal of Mrs. Kirby and Miss Smith. The only error assigned by these appellants is in the following language:

"The Chancellor erred in dismissing the cross-bill of Mrs. Ada Kirby and Miss Lou Smith against E. N. Willard, Jr., Deputy Sheriff, J. Wesley Brewer, Sheriff, and the Hartford Accident & Indemnity Company, surety on the Sheriff's bond. The Chancellor should have rendered judgment against these cross-defendants in addition to the judgment against Mrs. Galbraith and adjudicated that these cross-complainants were entitled to but one satisfaction."

It has been held numerous times that an assignment of error in this form is too general to be considered. Since, however, no question is made upon this feature of the matter, we have given it consideration and reached the conclusion that there was no error in the action of the chancellor complained of.

There is not only no attack upon the holding of the chancellor that the causes of action of these appellants were not barred by the statute, but the latter are vigorously contending that this action was correct. Their rights against the officers and their sureties proceed essentially upon the theory that they were deprived of their rights of action against Mrs. Galbraith, through the false return of the deputy sheriff

which resulted to their injury. They have neither shown that they were deprived of their rights or that they sustained any damage by reason of the act of the deputy sheriff referred to.

The action of the chancellor in dismissing without prejudice the cross-bills against these defendants afforded them ample protection.

The result is that the decree of the chancellor is affirmed. The costs of the chancery court will be paid as decreed by the chancellor and the costs of the appeal paid one-half by the appellant, Mrs. Galbraith, and the remainder by the other appellants.

Senter and Ketchum, JJ., concur.