CHRISMAN *v.* METROPOLITAN LIFE INS. CO.

(*Nashville,* December Term, 1941.)

Opinion filed January 17, 1942.

JOHN W. HILLDROP and Jos. L. LACKEY, both of Nashville, for plaintiff in error.

MOORE & EWING, of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The question presented on this appeal is whether sections 8035, 8036, of the Code providing for an attorney's lien are applicable to actions brought in the court of general sessions of Davidson county. The circuit judge decided that these sections of the Code were not applicable to such a suit. The attorney claiming the lien appealed from this ruling.

The particular suit involved was instituted in the court of general sessions as aforesaid and was thereafter dismissed in that court. The plaintiff carried the case to the circuit court by writ of *certiorari* as provided in the Act creating the court of general sessions. Private Acts of 1937, Chapter 12.

Pending the hearing in the circuit court the defendant compromised the case with the plaintiff, paying to the plaintiff $43.23. Thereupon the attorney for the plain-

tiff moved the circuit court to declare a lien in his favor upon plaintiff's cause of action and for further proceedings to secure his contract fee according to practice in such cases outlined in *Illinois Cent. Railroad* v. *Wells,* 104 Tenn., 706, 59 S. W., 1041. This motion was overruled, as heretofore stated.

The Code sections creating this lien are as follows:

8035. ''Attorneys and solicitors of record who begin a suit in a court of record shall have a lien upon the plaintiff's or complainant's right of action from the date of the 'filing of the suit.''

8036. ''Any attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of his employment in the case; provided, the record of the case shall first be made to show such employment by notice upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.''

It will be observed that this lien is only provided for attorneys and solicitors who begin a suit in a ''court of record.'' This limitation of the lien appears in both sections of the Code above set out. This being so, it follows that the right of the attorney herein to assert a lien on the plaintiff's cause of action depends on whether the Davidson county court of general sessions is to be regarded a court of record.

We think the trial judge properly concluded that this court of general sessions was not a court of record within the contemplation of sections 8035 and 8036 of the Code. These sections of the Code were based on chapter 243 of the Acts of 1899. At the time of the enact-

ment of that statute no such thing as a court of general sessions had been thought of in Tennessee. Indeed, at the time of the adoption of the Code by the General Assembly of 1931, there was no court of general sessions in this State and none was created until 1937. Plainly, then, the lawmakers responsible for this attorney's lien statute and limiting it upon causes of action begun in courts of record took no thought of such a tribunal as a court of general sessions.

Courts of justices of the peace, of course, existed when this statutory lien was created and the Legislature evidently intended to except actions brought in a justice's court from this attorney's lien. This is true because it has been recognized in this jurisdiction from an early day that the court of a justice of the peace was not a court of record.

By the terms of chapter 12 of the Acts of 1937 creating this general sessions court it was provided that such court "is hereby vested with all the jurisdiction and shall exercise the authority conferred by the Legislature upon Justices of the Peace in civil and criminal cases, suits and actions; and the Justices of the Peace of Davidson County [Tennessee] are hereby divested of all such jurisdiction and authority." Section 2.

It thus appears that this court of general sessions was created to take over the judicial powers and functions of justices of the peace in Davidson county. The jurisdiction conferred upon that tribunal by the Act of 1937 was the same as that exercised by the justices of the peace.

Construing the Act of 1937, this Court said, "The court of general sessions, under the act before us, will render the identical services rendered by justices of the

peace 'in civil and criminal cases, suits and actions.' "
*Hancock* v. *Davidson County et al.,* 171 Tenn., 420, 104
S. W. (2d), 824, 825.

As above noted, a justice's court in Tennessee has
never been regarded as a court of record. *Maynard* v.
*May & Fox,* 42 Tenn. (2 Cold.), 44; *Moran* v. *Weinberger,*
149 Tenn., 537, 260 S. W., 966; *Glenn* v. *Payne,* 153 Tenn.,
240, 280 S. W., 1019. We find no reason to believe that
the Legislature creating this attorney's lien and limiting
it to actions begun in courts of record would have looked
upon the general sessions court as a court of record. The
court was created as a substitute for the magistrates'
courts, with the same jurisdiction, and to exercise the
same powers.

It is difficult to frame a definition of a court of record
which will suffice in all jurisdictions. This difficulty is
abundantly illustrated by the texts which do attempt a
definition. These definitions are full of qualifications and
exceptions. See 1 Bouv. Law Dict. Rawle's Third Rev.,
713; 14 Am. Jur., 250; 21 C. J. S., Courts, sec. 5, p. 20.

The old definition of a court of record given by Black-
stone is "that where the acts and judicial proceedings are
enrolled in parchment for a perpetual memorial and
testimony, which rolls are called the record of the court
and are of such high and supereminent authority that
their truth is not to be called in question." 3 Black.
Com., 24.

The Act creating the Davidson county court of
general sessions has no provision for the keeping of
minutes. Minutes are indicia of courts of record in this
State. The clerks of all our courts of record are required
"to keep a well bound book, in which shall be entered the
minutes of each day's proceedings during the session of

the court, in the order in which they are made." Code, section 10052(5).

Section 10112 of the Code provides "the minutes of the court shall be read each morning in open court, and signed by the judge."

When the minutes of a court of record are signed by a judge they become the highest evidence of what was done in court and, so far as they are records of judicial proceedings, they import absolute verity, and are conclusive unless attacked for fraud. *Reeves* v. *Hager,* 101 Tenn., 712, 50 S. W., 760; *Dyer* v. *State,* 79 Tenn. (11 Lea), 509; *Moore* v. *State,* 50 Tenn. (3 Heisk.), 493.

Now it is true that the Act creating the court of general sessions provides that dockets shall be kept, which dockets in a general way show the proceedings had in such court. A clerk is provided for the court of general sessions and the Act indicates that he is to keep the dockets. The dockets, however, are no more than the dockets formerly kept by justices of the peace. They are not read each morning and verified by the signature of the judge and do not approach the dignity and verity of authenticated minutes of a court of record.

Some other objections are urged against treating the Davidson county court of general sessions as a court of record but we do not find it necessary to discuss the matter further. We are satisfied that this court, in the contemplation of the lawmakers, was not regarded as a court of record by the Legislature that created it and we are satisfied that the Legislature enacting the attorney's lien statute did not intend to make it applicable to actions brought in a court like the court of general sessions.

Quite commonly in creating special courts over the State the Legislature declares that they shall be "courts

of record'' or ''courts of general common law jurisdiction'' if it is desired to confer such rank upon such tribunals. The Davidson county court of general sessions being created to function in lieu of the courts of the justices of the peace, with substantially equivalent attributes, we think the lawmakers would have so expressed themselves, had they intended to confer upon the new tribunal the added dignity here claimed for it.

The judgment of the court below is affirmed.