IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 17, 2026

## DEIRDRE WILSON v. REGIONS BANK

**Appeal from the General Sessions Court for Davidson County**
**No. 25GC8864      Robin Kimbrough Hayes, Judge**

_____

**No. M2026-00552-COA-T10B-CV**

_____

Plaintiff/Appellant has filed an accelerated interlocutory appeal as of right under Tennessee Supreme Court Rule 10B, Section 2, seeking review of the Davidson County General Sessions Court's order denying Appellant's motion to recuse the General Sessions judge in a civil warrant proceeding against Defendant/Appellee.  We conclude this Court lacks jurisdiction to entertain a Rule 10B appeal from the General Sessions Court of Davidson County when it is not exercising concurrent jurisdiction with a court of record. Accordingly, this appeal is transferred to the Circuit Court of Davidson County for disposition.

**Tenn. Sup. Ct. R. 10B Accelerated Appeal from the Davidson County General Sessions Court; Appeal Transferred to the Davidson County Circuit Court**

WILLIAM E. PHILLIPS II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Deirdre Michelle Wilson, Nashville, Tennessee, Pro Se.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On May 3, 2025, Deirdre Michelle Wilson ("Appellant") filed a civil warrant against Regions Bank ("Appellee") for bank fraud in the General Sessions Court for Davidson County ("General Sessions Court").  Appellee filed a motion to dismiss the civil warrant, which was followed by a myriad of motions and notices filed by Appellant, one of which was a motion seeking the recusal of the trial judge filed on March 6, 2026.  A

_____

[1] As no record is before the Court for review, we take the limited facts and procedural history necessary to decide this matter directly from Appellant's petition and attached documents.

hearing was held on March 18, 2026, at which the General Session judge purportedly dismissed Appellant's civil warrant. On page two of Appellant's [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND ENTRY OF FINAL JUDGMENT, which appears to have been filed on the same day as the hearing, the General Sessions judge hand-wrote "Denied case dismissed", signed her name and inscribed the date of the hearing. Appended to Appellant's motion is a single page document that appears to have been filed March 25, 2026. The document identifies the caption of the case, the case number, and indicates that it is an order. The document declares: "The foregoing is hereby ORDERED, ADJUDGED AND DECREED:" which is followed by the General Sessions judge's electronic signature with a date of March 25, 2026. On April 8, 2026, Appellant filed in this Court a Petition for Accelerated Interlocutory Appeal Pursuant to Tenn. Sup. Ct. R. 10B.

## ISSUE PRESENTED

In a Tennessee Supreme Court Rule 10B accelerated appeal, the only issue presented for review is the trial court's denial of the motion to recuse. Duke v. Duke, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

## STANDARD OF REVIEW

The Rule 10B standard of review is de novo. Tenn. Sup. Ct. R. 10B § 2.01. After examination of the Rule 10B petition, we have determined that no additional briefing or oral argument is required, and we choose to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

## ANALYSIS

We first acknowledge that Ms. Wilson is representing herself in this appeal. This Court has explained the rights and responsibilities of pro se litigants, to-wit:

> Parties who decide to represent themselves are entitled to fair an equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

Murray v. Miracle, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting Young v. Barrow, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also* Hessmer

v. Hessmer, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." Young, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. Watson v. City of Jackson, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

We begin our analysis of this appeal with this Court's subject matter jurisdiction, as it is a threshold matter. Questions related to the Court's subject matter jurisdiction "call into question the Court's lawful authority to adjudicate a controversy brought before it, and, therefore, should be viewed as a threshold inquiry . . . [T]he burden is on the [appellant] to demonstrate that the Court has jurisdiction to adjudicate the claim." Redwing v. Catholic Bishop for Diocese of Memphis, 363 S.W.3d 436, 445 (Tenn. 2012) (internal quotation marks and citations omitted). For the reasons set forth below, we find that this Court lacks jurisdiction to adjudicate Appellant's Rule 10B, Section 2 appeal from the General Sessions Court of Davidson County.

The manner in which a litigant may seek the recusal of a judge and the appeal of the denial of a request for recusal are governed by Tennessee Supreme Court Rule 10B. Section 1 of Rule 10B, by its plain language, applies only to courts of record, or a court acting as a court of record. The rule provides, in pertinent part:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a *court of record*, or a judge *acting as a court of record*, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.

Tenn. Sup. Ct. R. 10B, § 1.01 (emphasis added).

It is well settled in Tennessee that general sessions courts, in the exercise of jurisdiction conferred by general statutes, are not courts of record. State v. Willoughby, 594 S.W.2d 388, 391 (Tenn. 1980) ("The General Sessions Court is not a court of record."); *see also* State ex rel. Isabell v. Parkurst, 399 S.W.2d 781, 782 (Tenn. 1964) (holding that the Davidson County General Sessions Court is not a court of record). A general sessions court can act as a court of record when, by authority of a special or private act of the General Assembly, it exercises the civil jurisdiction of circuit or chancery court. Scarlett v. AA Properties, GP, 616 S.W.3d 815, 822-823 (Tenn. Ct. App. 2020); *see also* the Advisory Commission Comment to Tenn. R. Civ. P. 1 (discussing the application of the Rules of Civil Procedure to courts of record). That is not the case here.

In Appellant's civil warrant action, the General Sessions Court was merely exercising the jurisdiction conferred upon it by general statute rather than by special or

private act. As such, Section 4 of Rule 10B is applicable to Appellant's motion to recuse the General Sessions judge. This is further confirmed by Civil Local Rule of Practice, Davidson County General Session Court 14.01. Local Rule 14.01 provides, "Any party seeking recusal or disqualification of a General Sessions Judge shall do so by timely making a written or oral motion pursuant to Tennessee Supreme Court Rule 10B, Section 4.01. Thereafter, all other provision of Tennessee Supreme Court Rule 10B, Section 4 shall apply."

Tennessee Supreme Court Rule 10B, Section 4 is entitled "Motion Seeking Disqualification or Recusal of Judicial Officer Other Than Judge of Court of Record," and provides, "Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judicial officer acting in a capacity other than as judge of a court of record or as an appellate judge shall do so by timely making a written or oral motion." Tenn. Sup. Ct. R. 10B, § 4.01. Appellant did attach to her Petition a copy of the motion she filed seeking recusal of the judge in the general sessions action on March 6, 2026.[2] As noted previously, it appears that said motion was denied on March 18 or 25, 2026.

Tennessee Supreme Court Rule 10B, Section 4.04 provides, "Judicial review of the denial of a motion made under section 4.01necessarily depends on the forum in which the motion is made and is governed by the law applicable to that forum." Tenn. Sup. Ct. R. 10B, § 4.04. We conclude that the plain language of Section 4 makes it clear that appellate review of a general sessions court's denial of a motion to recuse, when that court is exercising jurisdiction conferred upon it by general statute, is governed by "the law applicable to that forum," and not Section 2 of Rule 10B. The law applicable to the judicial review of decisions made by a general sessions court is found in statute. Tennessee Code Annotated section 27-5-108 states in part: "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." We also note that the circuit court would be the court in which an appeal would lie from a general sessions court's final judgment on a civil warrant. Accordingly, pursuant to Tennessee Supreme Court Rule 10B section 4, an appeal of a general sessions court's decision to deny a motion for recusal, when exercising jurisdiction conferred upon it by general statutes, lies with the circuit court for the county in which the general sessions court sits. This Court, therefore, lacks subject matter jurisdiction to hear Appellant's petition. This Court reached a similar conclusion in In re Haven-Lee S., 2022 WL 468124 (Tenn. Ct. App. 2022) (holding the appeal of a juvenile court magistrate's denial of a motion to recuse must be made to the juvenile court, not the court of appeals).

When a case has been appealed to the wrong appellate court, Tenn. Code Ann. § 16-4-108(a)(2) provides that the appeal should be "transferred to the court having jurisdiction

_____

[2] As this Court lacks jurisdiction over this matter, we make no judgment as to the timeliness of Appellant's motion seeking recusal.

thereof." In re Estate of White, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001); *see also* Tenn. R. App. P. 17 ("If a case is appealed to the Supreme Court, Court of Appeals, or Court of Criminal Appeals that should have been appealed to another court, the case shall be transferred to the proper court.").

CONCLUSION

For the foregoing reasons, we find that the Davidson County Circuit Court is the proper court to hear this appeal. Accordingly, pursuant to Tenn. Code Ann. § 16-4-108(a)(2) and Tenn. R. App. P. 17, this appeal is hereby transferred to the Davidson County Circuit Court.[3]

s/ William E. Phillips, II
WILLIAM E. PHILLIPS, II, JUDGE

---

[3] Appellant may address any issues she has raised in the pending motion filed in this Court to the Circuit Court that has subject matter jurisdiction over this appeal.